## TOM GUINN v. THE STATE.

### No. 1511.    Decided May 11, 1898.

**1.    Confession in Arrest—Character of Warning by Officer.**

A confession or admission made by a party in arrest is not admissible in evidence where the warning given him by the officer was that any statement he might make could be used "for or against him."    The statute only authorizes the confessions which are made after the prisoner has been warned that his statements may be used against him.

**2.    Same—Silence as a Confession.**

Where a party is in custody for a crime, his silence can not be used against him as a confession or admission of the truth of matters stated in his presence, whether

he was warned or not warned. He being under arrest was not bound by and could not be charged with the statements of another party.

### 3. Theft of Cattle—Evidence—Systematic Crime.

On a trial for theft of cattle, testimony to the effect that cattle with burnt brands. upon them were found in the pasture of a codefendant could not be used as a circumstance against defendant, no connection on his part with said cattle being shown. In exceptional cases such evidence might be admissible to show that a system of theft was carried on between the parties.

### 4. Same—Defendant Must Have Been Party to the Taking—Charge.

To warrant a conviction for theft, the defendant must have been a party to the original taking. The fact that he is an accomplice or an accessory, or a receiver of the stolen property, will not justify his conviction for theft; and it was error for the court to fail or refuse to so charge the jury where the evidence showed that the cattle were taken in one county, defendant being in that county at the time, by some unknown person and carried to another county, where they were found, and where defendant had assisted in freshly branding them.

### 5. Defendant's Failure to Testify—Charge as to.

On the trial of a criminal case., where the defendant has not testified as a witness in his own behalf, a charge of court which simply reiterates that provision of the statute which declares that his failure to testify shall not be taken as a circumstance against him, is proper as a protection to the defendant and for his benefit. Following Fulcher v. State, 28 Texas Criminal Appeals, 465.

APPEAL from the District Court of Archer. Tried below before Hon. GEORGE E. MILLER.

Appeal from a conviction for theft of cattle; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

No briefs for either party have come to the hands of the Reporter.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of cattle,. and appeals.

The indictment alleges the ownership to be in one W. Harrison, and the evidence shows the cattle were taken from Baylor County, and carried into Archer County, and were found in the inclosure of one John Unsell. The case is one depending wholly upon circumstantial evidence, as to who was the taker. The cattle were unbranded when taken, and were branded when found in Unsell's pasture. The witness Craddock, sheriff of Baylor County, had the defendant and Unsell under arrest at Unsell's place; the defendant being under arrest for theft of cattle at Seymoure, but not the cattle mentioned in this indictment. The witness (after arresting defendant) and Unsell were riding about the pasture with defendant and Unsell, looking at the cattle. The witness warned defendant that anything he might say could be used against him or for him; and while looking at the cattle, subsequent to the warning, the witness said to defendant and Unsell that "there was a lot of branded stuff here, and pointed out to Unsell and defendant several burnt cattle, and asked them about

the same, and said to them if the stuff was in his (Craddock's) county, he would take charge of it." He also asked Unsell where he got certain burnt cattle,—"the burnt-ladder steer, the bow and arrow cow," and others not burned; and Unsell said he got several of them from defendant, who was present, "or words to that effect." This evidence was objected to by appellant because these matters had no connection with the offense under investigation, and was calculated to prejudice the jury against him; that defendant was under arrest for a different offense, and had been warned by the officer that anything he (defendant) would say could be used for him or against him. The bill of exceptions does not recite that defendant made any reply to any of the questions, and leaves him in the attitude of maintaining silence. The testimony should have been excluded on this ground. See Gardner v. State (Texas Crim. App.), 34 S. W. Rep., 945. The testimony should have been excluded, under the warning given, even if defendant had made a reply, because the warning stated that any statement he might make could be used for or against him. The statute authorizes the confessions of a defendant, made after warning, to be used against him. Nor could the reply of Unsell, even under a proper warning, have been used against the defendant. If the warning had been proper, the reply, if amounting to a confession, might have been used against Unsell, for he made the statement. Appellant was not bound by the statement of Unsell that he (Unsell) bought the cattle mentioned by the witness from the defendant, for he was under arrest, and could not be charged with the statements of another party. It may be further stated here that, as this bill of exceptions presents the matter, the fact that there were burnt cattle in Unsell's pasture could not be used as a circumstance against the defendant. If there was a system of theft carried on, in which the defendant and Unsell were engaged, and it was necessary to connect the defendant with the cattle set out in the indictment, by this means, or to show a want of honest connection with the cattle in controversy, this character of evidence might be used. See Hennessy v. State, 23 Texas Crim. App., 340. We are, therefore, of opinion that the court erred in admitting the testimony of the witness Craddock as set out in the bill of exceptions.

The defendant requested the court to charge the jury that unless defendant was connected, as a principal, with the original taking, he could not be convicted for the theft. The court failed to charge this directly, and an exception was reserved in regard to this matter. Under the facts of this case, we believe that such a charge should have been given. The evidence discloses the fact that the cattle were taken in Baylor County, and subsequently found in Unsell's pasture, in his possession, in Archer County. They had been freshly branded, and defendant assisted in such branding at Unsell's pasture. It is shown that the cattle reached Unsell's pasture during the night; that defendant was absent from Unsell's until that night; that he came to Unsell's residence during the night, and was there the following morning. About the time the cattle were taken from Baylor County, defendant was in that county. He was not seen in pos-

session of the cattle in Baylor County, nor even in Archer County, except as above stated. If he was not present at the taking, or doing some act that would constitute him a principal in such taking, then he could not be convicted under this indictment for theft. If his connection with the cattle was first at Unsell's pasture, when the brand was placed upon them, he could not be convicted of theft. To constitute a party guilty of theft, he must be a taker, within the contemplation of the statute defining theft. That he was an accomplice, or an accessory, or a receiver of stolen property, would not justify a conviction for theft; he must have been an original taker. Inasmuch as the defendant asked a charge, and it was refused, and an exception was reserved, we believe it was error on the part of the court in refusing to give said charge.

The court gave the following charge, which was duly excepted to: "In this case you can not consider, as a circumstance against the defendant, the fact that he failed to testify in his own behalf; and, in your deliberation concerning your verdict, you must not discuss the fact that he failed to testify in his. own behalf." This action of the court is assigned as error. In Tate v. State, 38 Texas Criminal Reports, 261, this court reversed the judgment because the jury, in their deliberation, discussed the failure of the defendant to testify, and used it as a circumstance against him. We have on several occasions called the attention of the trial court to matters where the jury in their retirement discussed facts and circumstances that were not placed before them by the evidence, and indicated that instructions should be given to the jury limiting their consideration to matters that were in evidence before them, and cautioning them against the use of facts or circumstances that were not placed before them. The statute authorizing the defendant to testify in his own behalf says his failure to so testify shall not be used as a circumstance against him, nor shall it be alluded to in the argument, etc. The court's charge simply reiterates that phase of the statute which says the defendant's failure to testify shall not be used as a circumstance against him. This is the law, made so by the Legislature, and the court's charge simply stated it as enacted. This matter has been discussed in several of the States, and, so far as we are advised, it has been held proper that such charge should be given as a protection to the defendant, and in several cases the judgment has been reversed because the court refused to give such charges. See Whart. Crim. Ev., 9 ed., sec. 435, and authorities cited in notes. This view does not militate against the decisions of this court reversing judgments because the failure of the defendant to testify was commented upon by State's counsel. Wherever this has been done, this court has reversed the judgment. It is for the benefit of the defendant that such charge as the one in question was given. The giving of such a charge has been held correct in this State. Fulcher v. State, 28 Texas Crim. App., 465. There is hardly any well-informed juryman but who is aware of the fact that the defendant is authorized to take the witness stand in his own behalf, and, in order to protect the defendant against using his failure to testify in his own behalf as a circumstance against

him, the statute was in part enacted; and it is for his protection and benefit, and in order that he may not be injured by his failure to so testify. For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*