## Martin McVeigh v. The State.

### No. 2086. Decided May 1, 1901.

**1.—Confession—Warning—Practice—Charge of Court.**

If, when a confession is introduced in evidence, a question as to whether the warning previously given the accused was a legal or illegal one becomes an issue, a proper charge of court submitting this issue to the jury is the proper practice.

**2.—Same—Made Under Promises.**

Where a confession is sought to be introduced in evidence, and objection is urged that it was made to officers under promises by them which rendered it inadmissible, and there is a conflict between the witnesses as to what was said by the officers to the defendant, the court may, by a proper charge, submit this issue to the jury.

Vol. 43 Crim. Rep.—2.

**3.—Confessions—Admissiblity, How Determined.**

In every case of confession, where the question is whether it was voluntarily made, or made under promises, or threats of injury, or whether accused was told it would be better for him to confess, it is essential to consider the inducement and the surrounding circumstances, and if they create a doubt of the truth of the confession, it should be rejected.

**4.—Same.**

See opinion for facts stated which, from the surrounding circumstances, the promises and the influences and inducements brought to bear, rendered the proposed confession wholly inadmissible as evidence against the accused and for which it ought to have been rejected.

**5.—Same—Charge of Court.**

Where the court charged the jury, "you will determine from the evidence whether there was or was not a confession under such a warning as before defined, and voluntarily and freely made, as before instructed. If you so find, you will convict the defendant and assess his punishment," etc. Held, a charge on the weight of testimony, and in effect telling the jury to convict defendant on his confession alone,—it not being a judicial confession.

Appeal from the District Court of Fayette.    Tried below before Hon. L. W. Moore, Special Judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The only questions discussed in the opinion on this appeal relate to the confessions of appellant; and these questions are so clearly and fully stated in the opinion as to render any further statement unnecessary.

*Lane & Krause,* for appellant, cited: Crim. Code, arts. 789, 790; Williams v. State, 37 Texas Crim. Rep., 474; Barnes v. State, 36 Texas Crim. Rep., 363; Searcy v. State, 13 S. W. Rep., 782; Clayton v. State, 21 S. W. Rep., 255; Hardin v. State, 48 S. W. Rep., 904; Guin v. State, 50 S. W. Rep., 350; Cain v. State, 18 Texas Crim. App., 390; Guinn v. State, 45 S. W. Rep., 694; Greer v. State, 31 Texas Crim. Rep., 131; Barnes v. State, 36 Texas Crim. Rep., 363; Adams v. State, 34 Texas Crim. Rep., 527.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

The State introduced appellant's confessions against him. Appellant excepted on the ground that he was under arrest at the time the confessions were made, and was not properly warned, and, if properly warned, that the conefssions were made to officers under promises of reward and persuasion. The State's witnesses (the sheriff and his deputy) testify that a proper warning was given, to wit, that they told appellant before he confessed to the theft that same would be used against him as evidence. However, appellant introduced two witnesses who stated that the warning given was that his statement could be used for or against him. If this was the warning given, this confession was not admissible.

Guinn v. State, 39 Texas Crim. Rep., 257; Unsell v. State, 39 Texas Crim. Rep., 330. If this were the only question made as to the warning given, it being a matter of controversy as to the character of warning, one being legal and the other illegal, we would hold that a proper charge of the court, submitting this issue to the jury, was the correct practice. The charge, however, was defective in other respects, which we will point out hereafter. As stated before, it was also objected to the confession, that although the warning given may have been a legal one, yet it was made under such promises by the officers as to render it inadmissible. If there was any controversy between the witnesses as to what was said by the officers to the defendant, the court might, by a proper charge, have submitted this issue to the jury. But the officers themselves admit that they used some language of a persuasive character. Loessin shows that he knew Dr. Clark was a friend of defendant, and was using him to get a confession from him. Clark, it seems, told defendant, if he would make a confession and tell who was assisting him in taking the seed, they would get the district attorney to dismiss the case against him. The sheriff thereupon stated that he would not go that far, but if he would tell about it, it might go lighter with him. Deputy Sheriff Eilers says he told him he ought to tell it, and, if he did, it might go lighter with him, and he had known men to be turned loose by turning State's evidence. Clark says he told defendant, if he would confess, he would go on his bond, and they would get the district attorney to dismiss the case against him. The sheriff then said he would not go that far, but would use his influence to make it lighter on him. It seems Kesler, who was introduced by the State on this point, testified that Dr. Clark first stated what he had promised Martin; that is, that they would have the case dismissed against him. The sheriff said he could not promise that, but he would use his influence to make it lighter on him; and after this Martin made the statement, which was that he and three other parties stole the cotton seed. The language here sought to be used to induce the confession is certainly as strong as the language used in Searcy's case, 28 Texas Criminal Appeals, 513. In Thomas v. State, 35 Texas Criminal Reports, 178, we laid down the principle governing the admissibility of confessions. We quote from that opinion as follows: "The real question being, in every case, whether or not the confessing mind was influenced in a way to create doubt of the truth of the confession, an involuntary confession, uttered to bring temporal good or avert temporal evil, even where the contemplated benefit is small, will be rejected. The circumstances under which the confession was made are of very great importance. They must be looked to in all cases, and when this is done, and there is nothing pointing to the motive prompting the confession, it will be received. Now, whether there is an express or implied promise to aid the suspected person, or a threat of temporal injury, or whether the suspected person is told that it would be better for him to confess, etc., does not always solve the question. It is true that the inducement under which the con-

fession was uttered is of prime importance, but not always decisive. The inducement and the surrounding circumstances decide the question. The inducement may not be sufficient to show the motive for the confession; but when read in the light of surrounding circumstances attending it, may be ample proof to create doubt of the truth of the confession." Now, when we read the testimony of the State's witnesses in connection with the surrounding circumstances as testified to by them and other witnesses, we are constrained to the opinion that appellant was induced to confess by the promise made to him by the sheriff. It will be observed, in this connection, that before he made the statement to the sheriff he had already, under the promise made by Dr. Clark, whom the sheriff was using, made the confession to him. No doubt he believed Clark was acting for the sheriff, and having already secured a confession through Clark by a promise, and though this was, in part, repudiated by the sheriff, yet, evidently the previous confession was a part of the transaction and was induced by promises of getting him released from prosecution. Under the circumstances we believe that the confession should have been rejected.

On this subject of confessions we notice the court gave the following charge: "You will determine from the evidence whether there was or was not a confession under such a warning as before defined, and voluntarily and freely made as before instructed. If you so find, you will convict defendant, and assess his punishment by confinement in the penitentiary not less than two nor more than twelve years." This was evidently a charge on the weight of the testimony. That is, the effect was to tell the jury to convict appellant on his confession alone. This confession went to the jury as any other testimony; but the court had no right to instruct the jury to convict defendant on his own confession, it not being a judicial confession.

It is not necessary to discuss other questions, but for the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*