LOUIS ERWIN WHITE v. STATE

No. 28,222. April 18, 1956.

*C. S. Farmer,* Waco, and *Carl Cannon,* Groesbeck, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for murder, with punishment assessed at life imprisonment.

In the development of its case, the state introduced in evidence appellant's written confession, in which he admitted killing his wife by choking her with his hands.

The materiality of the confession in establishing the crime charged cannot be doubted.

The predicate for the introduction of the confession, showing compliance with the statutory requirement (Art. 727, C.C. P.), was established by the testimony of Officer Wells, one of the persons to whom the confession was made.

Upon examination by appellant's counsel, Officer Wells testified as follows:

"Q. Mr. Wells, are you sure that you warned Louis Erwin White that if he made any statement it could be used for or against him on the trial of the offense of which he stands charged? A. I did, sir.

"Q. You know you did that? A. Yes, sir.

"Q. You are positive of that? A. Yes, sir."

Upon further examination, by state's counsel, the witness corrected his testimony as above set out, by saying:

"I didn't tell him it could be used for or against him—that is not on this part here; I misunderstood what he asked me.

"Q. You told him as it is stated there, that it could be used against him? A. Yes, sir, that is all I told him."

Testifying as a witness in his own behalf, appellant denied the statement in the confession that he killed his wife, or that he choked her, or that he so stated in his confession. As to the

warning which was given him before he made the confession, appellant testified:

"Q. Mr. White, when they were talking to you, these officers, about taking the statement, state whether or not they told you that anything you said in your favor could be used for you, and anything you said against yourself could be used against you on the trial? A. They notified me that anything I said would be used for me or against me.

"Q. And you went ahead and made the statement? A. Yes, sir."

Notwithstanding a rather thorough cross-examination by state's counsel, appellant insisted, throughout, that he was told that the confession migh be "used for or against him." It cannot be said, therefore, that appellant's testimony did not present the question, as an issue of fact, of whether he was warned by the officers that the confession he made could be "used for or against him."

One of the conditions precedent to the use in evidence of a confession of an accused made while under arrest is that he be warned by the person to whom the confession was made "that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made." Art. 727, C.C.P.

Under that statute, this court has consistently held that if the officers warned the accused that the confession may be used for him, it is not admissible in evidence—and this, regardless of the fact that the accused was also warned that the confession might be used against him. Adams v. State, 48 Tex. Cr. R. 90, 86 S.W. 334; McCain v. State, 139 Tex. Cr. R. 539, 141 S.W. 2d 613; Conn v. State, 140 Tex. Cr. R. 202; 143 S.W. 2d 1036; Knobloch, et al, v. State, 151 Tex. Cr. R. 413, 208 S.W. 2d 91.

This court, with uniformity, has held that where issues of fact arise touching the admissibility of the confession, such issues should be submitted to the jury for their determination. Authorities attesting the rule will be found under Note 20, Art. 727, Vernon's C.C.P. See, also, Bandy v. State, 143 Tex. Cr. R. 457, 159 S.W. 2d 507; Reese v. State, 142 Tex. Cr. R. 254, 151 S.W. 2d 828.

Upon the admissibility of the confession in the instant case, the trial court instructed the jury as follows:

"* * * A certain instrument entitled a 'confession' has been introduced in evidence in this case by the State. Now, you are instructed that before you can consider the same as evidence therein, the burden is on the State to show beyond a reasonable doubt that said confession was taken in accordance with the law; that is, that the same was freely and voluntarily made, and that there were no threats, duress or physical violence, promises or hope of reward used toward the defendant prior to or at the time of the making of said confession to induce him to make said confession; and, further, it must be shown by the State, beyond a reasonable doubt, that the defendant had been warned prior to the taking of such confession that he *did not have to make the same,* and that if he did, said confession could be *used as evidence against him in* the trial of the case to which said confession referred, and if you have a reasonable doubt as to any of these matters, then you will give the defendant the benefit thereof, and you cannot consider said confession for any purpose in your deliberations."

It will be noted that the trial court nowhere in that charge submitted to the jury the fact question as to whether appellant was warned that the confession might be used for him.

Proper exceptions were reserved to the charge of the court for failure to charge upon that issue, to the effect that if the jury believed or entertained a reasonable doubt that before the making of the confession the appellant was advised that it could be used for him the jury should not consider the confession as any evidence whatsoever.

The case of Bandy v. State, supra, appears to be here directly in point, and sustains appellant's contention that the jury should have been instructed in accordance with his exceptions.

In the Bandy case, the accused claimed that he was not told "that he did not have to make any statement at all, and that any statement he did make could be used against him * * *."

The officer who took the statement testified that he did thus warn the accused. The issue as thus raised was not submitted to the jury. This court held that the issue should have been submitted to the jury.

In the Reese case, supra, the issue as to the warning was submitted, as the appellant, here, insists should have been done in the instant case.

We are constrained to conclude that the trial court fell into error in not responding to the appellant's exceptions to the charge.

Accordingly, the judgment is reversed and the cause is remanded.