**David BURTON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47624.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Rehearing Denied March 20, 1974.

Malcolm Dade (on appeal only), Tom F. Reese (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction on a plea of not guilty was for murder with malice; the punishment assessed by the jury, death, which has been commuted to life.

Since there is no attack made upon the sufficiency of the evidence, it will not be necessary to give the details, except to say that appellant was convicted as a principal, acting with Leroy Curlin and Charles Edward Gillon, in the murder of Martell Wesley by shooting her with a gun. The murder occurred in the perpetration of robbery.

Appellant had executed a confession. At the request of his counsel, the court held a hearing to determine its admissibility. At that hearing T. D. McMillon, one of several detectives working on the case, testified that he and Officer Selman talked to appellant before he gave a written confession

to Officer Boyd. McMillon testified that he told appellant he could put what he wanted in his statement and it could be used "for or against him." Selman did not testify either at this hearing or at any time during the trial. Appellant did not testify at the hearing on the admissibility of the confession, although he later testified in his behalf before the jury. Other evidence showed that appellant was properly warned by a magistrate, and also by Officer Boyd, to whom the confession was made.

The court admitted the confession in evidence over objections. In it appellant confessed that he and Leroy Curlin and Charles Edward Gillon went to rob the victim at her grocery store, that he had a pistol which he pointed at her and it went off accidentally.

On the trial at the guilt-innocence stage, appellant testified before the jury and denied any participation in the robbery or murder. He said that Officer Selman physically abused and threatened to kill him if he did not confess. Officer Selman, not shown to be unavailable, did not testify. Appellant also testified that Officer T. D. McMillon told him if he made a statement it could be used for or against him. This McMillon did not deny before the jury. He had already admitted in the hearing outside the presence of the jury that he told him such a statement could be used for or against him.

The claims of appellant are summarized in this excerpt from his testimony:

"Q Why did you sign that statement?

"A Because Mr. Selman told me he would take me out and blow my brains out, and I was scared. Then after that Mr. McMillon told me the statement could be used for or against me and I didn't have any choice.

"Q Is that the reason you signed it?

"A Yes, because I was scared."

The court charged the jury not to consider the confession under certain circumstances, as follows:

"Although you may find and believe from the evidence that a statement was made by the defendant and signed by him, yet, if you find and believe from the evidence or have a reasonable doubt thereof that he was forced or induced to make or sign said statement by reason of being kicked, hit in the stomach, by Lawrence Selman, or by reason of any threats, assaults or batteries or promises, or any combination thereof, or any other conduct or treatment on the part of any person, either at or before the signing of said statement, then you will not consider said statement for any purpose whatsoever, nor any evidence obtained as a result thereof."

In his written objections to the court's charge, overruled by the court before the charge was read to the jury, appeared this objection:

"The Defendant objects to the failure of the Court to properly charge on whether the Defendant was told that the statement could be used for him before the signing of said statement."

In failing to respond to such objection by charging the jury that the confession must be disregarded if the jury should find or have a reasonable doubt that Officer McMillon told appellant before he made the confession that it could be used for him, and that such statement by McMillon was an inducement to him to make and sign the same, we hold that the court committed reversible error.

The testimony of appellant raised the fact issue that appellant was told the confession would be used for him, and that this was an inducement to his giving the confession, in which he claimed the shooting was accidental while robbing deceased.

Article 38.22 of the Vernon's Ann.Code of Criminal Procedure provides in Sec.

1(c)(3), "He has a right to remain silent and not make any statement at all and that any statement he makes may be used in evidence against him at his trial."

This, of course, is nothing more or less than a continuation of this Article's predecessor, which was Article 727, C.C.P.

This Court has consistently construed this provision as prohibiting a warning which was given to a defendant that the confession could be used for him. White v. State, 163 Tex.Cr.R. 77, 289 S.W.2d 279 at 280 recites the rule as follows:

"One of the conditions precedent to the use in evidence of a confession of an accused made while under arrest is that he be warned by the person to whom the confession was made 'that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is herein made.' Art. 727, C.C.P.

"Under that statute, this court has consistently held that if the officers warn the accused that the confession may be used for him, it is not admissible in evidence—and this, regardless of the fact that the accused was also warned that the confession might be used against him."

This case cites a number of cases which have been consistently adhered to by this Court.

In addition to those cases see also Guinn v. State, 39 Tex.Cr.R. 257, 45 S.W. 694; Unsell v. State, 39 Tex.Cr.R. 330, 45 S.W. 1022; McVeigh v. State, 43 Tex.Cr.R. 17, 62 S.W. 757.

In Walker v. State, 470 S.W.2d 669, speaking for this Court, Presiding Judge Onion wrote:

"Cases relied upon by the appellant and decided under Article 727 V.A.C.C.P., 1925 (now Article 38.22, supra) do hold that where it is undisputed that a 'for

and against' warning was given prior to a written confession, such confession is inadmissible as a matter of law; and if a disputed fact issue is raised by the evidence offered before the jury, that issue should be submitted to the jury at least where there is a timely presented objection to the charge or a special requested charge. See, i. e., White v. State, 163 Tex.Cr.R. 77, 289 S.W.2d 279; McCain v. State, 139 Tex.Cr.R. 539, 141 S.W.2d 613."

See also, Knoppa v. State, Tex.Cr.App., 505 S.W.2d 802 (1974).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.