**Wesley Ray CREAGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1381–95.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 10, 1997.

Layne H. Harwell, Fort Worth, for appellant.

Barry S. Green, District Attorney, Decatur, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WOMACK, Judge.

We granted discretionary review of this case to decide if the court of appeals had correctly analyzed the appellant's claim that his written statement was involuntary.

The appellant was interrogated by the 271st Judicial District Attorney's investigator, who obtained an arrest warrant from a magistrate in Jack County and went to Hobbs, New Mexico, where the appellant was working. After the appellant was arrested, the investigator interrogated him in the Hobbs Police Department's jail. The interrogation was tape-recorded, and the pre-trial evidence included the parties' separate transcripts of the recording of the interrogation. Using a printed form, the investigator read the appellant the warnings that are set out in Code of Criminal Procedure Article 38.22, § 2(a). The appellant orally waived his right to remain silent and signed a waiver on the printed form.

After the warnings and waivers, the investigator introduced himself as a specialist in child abuse cases. He asked the appellant to look at a doctor's report about the child who was alleged to be the victim. (Later he showed the appellant photographs of the child's bruises.) He told the appellant that he had talked to the witnesses and the child, and that he was very satisfied with what the

child told him. Then he said, "Wes, I'm here to try to make things easier for you. I drove all this distance to try to make things work for you on your behalf. OK? [The child] has told me that you abused him."

The appellant repeatedly denied his guilt, and the investigator repeatedly insisted that a two-and-a-half year old child could not have been mistaken or have invented such a story. The investigator remarked that the appellant was making it hard on himself and every-body. The appellant said he did not want to make it rough on the child, whom he loved, and asked, "What kind of route can we go if I say that I did this and I get help. Because if I did this, I want help. Because, well it could happen again to some other child if I did this." The investigator gave the appel-lant some information about the range of punishment, early release, probation eligibili-ty, and plea bargaining.

INVESTIGATOR: Which may be proba-tion, it may be sixty years, but no matter what it is you'd have the final outcome on that say.... Just be-cause you give a state-ment and tell about what happened doesn't mean that you can't go to court, because you can still go to court. Because you can fight that sentencing. **OK?**

APPELLANT: But that's the offer that there is, is a ten year pro-bation and that means I'm marked for ten years as a sex offender, is that right?

INVESTIGATOR: No matter what, yeah.

APPELLANT: It's never erased, it's al-ways on my record for as long as I live and breathe.

INVESTIGATOR: That's correct.

APPELLANT: And what you also told me is that there is no way I can beat this.

INVESTIGATOR: No, Wes, you can't beat something that hap-pened. [Etc.]

The appellant said that he believed himself to be innocent. The investigator replied that the appellant was not innocent, that he need-ed to face the facts, and that the investigator, who was "kind of the middle man," was there to "get your story and take it back to the DA.... I go back and tell the DA what you told me and it goes from there."

For a while the appellant continued to profess belief in his innocence, but he later admitted that he did sexually assault the child. He wrote a confession on a form that contained the warnings required by Code of Criminal Procedure Article 38.22, § 2(a).

Before his trial the appellant filed a "mo-tion for hearing on voluntariness," which asked the court "to determine whether [his] admission and confessions were voluntarily made by the Defendant." The trial court received evidence at a pre-trial hearing, in-cluding the warnings that were read to the appellant, transcripts of the tape-recordings of his interrogation, documents that were shown the appellant during interrogation, and the appellant's written statement. On the day of trial the judge announced that he would "refuse or deny the Defendant's mo-tion to suppress the confession," and that "at an appropriate time, the Court will make the appropriate findings of fact and of law in that connection—in connection with the *Jackson v. Denno* hearing." No such findings appear in the record.

When the appellant's written confession was offered at trial his attorney urged "our previous objection," which was overruled. The jury convicted the appellant after fifteen minutes of deliberation. The court assessed punishment of 50 years' confinement.

The appellant's point of error in the court of appeals was that the trial court abused its discretion in admitting a statement that was "the result of improper persuasion by the investigator who conducted the interroga-tion." The appellant said the improper tac-tics included (1) false and misleading state-ments of inducement that the investigator was there on appellant's behalf to make things easier for him, (2) a statement that the appellant would be found guilty if he went to trial, (3) the false statement of in-ducement that the investigator was a middle

man who could help get a plea bargain offer from the district attorney, (4) a statement that by giving a written confession the appellant would be in a position to obtain a plea bargain, and (5) confirmation of the appellant's mistaken belief that he had been offered ten years' probation for a confession.

The court of appeals found error, saying:

Appellant and the State agree that in order to induce a confession, a promise must be (1) positive, (2) made or sanctioned by someone in authority, and (3) of such an influential nature that a defendant would speak untruthfully....

In affirming *Gipson* [*v. State*, 819 S.W.2d 890 (Tex.App.—Dallas 1991), *aff'd*, 844 S.W.2d 738 (Tex.Cr.App.1992) ], the Court of Criminal Appeals validated the reasoning that it is improper to warn an accused his confession might be used for him or on his behalf. The investigator in that instance told the accused that his confession "would be his story he could use in court" and that "he could imply that any way he wanted to." *Gipson*, 844 S.W.2d at 739. Although the investigator avoided admitting that he told the accused the statement would be used in his favor, he acknowledged that the language was ambiguous and could be interpreted by the defendant as it being advantageous for him to confess. The interrogation of appellant by [the investigator in this case] was, if anything, less ambiguous than that in *Gipson*.

Among the first comments made by [the investigator] to appellant was the statement, "I'm here to try to make things easier for you. I drove all this distance to try to make things work for you on your behalf." After telling appellant that [the investigator] "(had) the evidence to take you to court and ... put you in prison" and reading him the statements from family members whom [the child] told about the assault, [the investigator] then advised appellant that [the investigator] was "trying to guide you through ... what you need to do here."

Most troubling to us is the following statement by the investigator:

"I'm saying to you, that you don't have to go to trial on this case, you don't have to go to trial at all. You can plea bargain this case out. You don't have to go to trial. It's up to you. But *it's gonna go to trial unless you and I can set [sic] down and you know, talk about what happened.*" (Emphasis added.)

[The investigator] some time later added, "All I can tell you is why I'm here. *I'm here to take your story back to the District Attorney to tell him what happened.*"

In light of the language held improper in *Gipson*, we conclude the investigator's comments were improper in this instance. We find the confession was the product of improper persuasion and should have been suppressed.

*Creager v. State*, No. 2–94–240–CR, slip op. at 9–10 (Tex.App.—Fort Worth, Nov. 28, 1995) (unpublished). Finding the error harmful, the court of appeals reversed the judgment of conviction and remanded the case to the district court. We granted discretionary review.

The court of appeals' opinion erred in two respects. First, it placed reliance on *Gipson*, a case in which a rule about statutory warnings was improperly used to resolve an issue of voluntariness. Second, the court of appeals accepted the parties' agreement that the issue of voluntariness could be completely resolved by the rule that a confession is inadmissible if it was induced by a certain kind of promise. That rule is not sufficient to resolve all the issues about the voluntariness of this statement.

### *For or Against*

■ A warning to a suspect before interrogation that a statement could be used "for or against" the suspect is an impropriety that, of itself, can require that the statement be held inadmissible. The rule of the inadmissibility of a statement made after a warning that it could be used "for or against" a suspect has a statutory basis. The warning now appears in Code of Criminal Procedure Article 38.22, § 2(a)(1), which requires that to be admissible a statement of an accused made as a result of custodial interrogation

must show that the suspect was warned "that any statement he makes may be used against him at his trial." The requirement was first enacted in Article 662 of the Code of Criminal Procedure of 1856, which excluded the statement of an accused made while in custody unless the accused was "first cautioned that it may be used against him."

The first application of the statute came in *Unsell v. State*, 39 Tex.Crim. 330, 45 S.W. 1022 (1898).[1] The arresting officer had "warned the defendant, and told him that anything he would say could be used against him or for him on his trial." 39 Tex.Crim. at 331, 45 S.W. at 1023. About a half hour later Unsell made a remark about some cattle in his inclosure, which was admitted in evidence. This Court said (*ibid.*):

> Without going into a discussion of the various questions, suffice it to say that this testimony was inadmissible, because, among other reasons, the defendant was not warned as required by the statute. Before a confession can be used against a defendant when made under arrest, he must be warned and cautioned that said confession can be used against him. To warn him that it may be used for him would be holding out an inducement.

The requirement that the defendant be warned that a statement may be used against him has been reenacted repeatedly in a series of amendments to the statute. This Court has consistently held that a statement is inadmissible when it followed a warning that violated the statute in saying that the statement might be used "for or against" the suspect.

A more recent, constitutionally-based requirement of warning has not been construed so strictly. In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Court said that the Fifth Amendment required at least some warnings before custodial interrogation, one being that a person in custody must first be warned "that anything

he says can be used against him in a court of law."[2] 384 U.S. at 479, 86 S.Ct. at 1630. The Fifth Amendment right is not violated when a suspect is warned that his statement "could be used against him, or could be used for him." *Gardner v. State*, 733 S.W.2d 195, 202–03 (Tex.Cr.App.1987).

■ This case does not involve statutory or constitutional warnings before the interrogation. There is no question that the appellant was given proper warnings before the interrogation. The issue is the significance of the interrogator's remarks during the interrogation which might have led the appellant to believe that a confession would help him. Such remarks might be a circumstance which bear on the voluntariness of the appellant's statement, but they would not necessarily render the statement inadmissible. Voluntariness is decided by considering the totality of the circumstances under which the statement was obtained. *Haynes v. Washington*, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963).

In *Gipson v. State*, 819 S.W.2d 890 (Tex. App.—Dallas 1991), *aff'd*, 844 S.W.2d 738 (Tex.Cr.App.1992), the court of appeals resolved a voluntariness question by misusing the *per se* rule that violation of the warning statute makes the statement inadmissible. There was no question that Gipson had been given proper warnings. The interrogator testified that while he was taking the confession he told Gipson "it would be his story he could use in court. . . . [I]t would be presented to the Grand Jury and also presented in Court, just like he told it." The interrogator agreed with defense counsel that he was telling Gipson that the statement could be used on his behalf or against him. *Gipson*, 819 S.W.2d at 894. The court of appeals held, "A per se rule of inadmissibility applies if the evidence is uncontroverted that the officer told the accused that his confession could be used 'for or against him.'" *Ibid.*

---

1. The first discussion of the requirement of the statute was in the case of Unsell's codefendant, *Guinn v. State*, 39 Tex.Crim. 257, 45 S.W. 694 (1898), but the discussion there was *obiter dictum* because Guinn had not made a statement.

2. The substance of this particular *Miranda* warning was added to the Texas confession statute in 1977. S.B. 157, 65th Legislature—Regular Session, Acts 1977, ch. 348, § 2. It appears in Article 38.22 as Section 2(a)(2): "any statement he makes may be used as evidence against him in court."

But as we have explained above, the *per se* rule of inadmissibility is for a misstatement of the statutory warning given before interrogation, not for remarks made during interrogation. The court of appeals cited *Dunn v. State*, 721 S.W.2d 325 (Tex.Cr.App.1986). It did not mention that the opinion in *Dunn* represented the views of only two judges, which six judges declined to join. *Dunn* involved similar facts: There was no question that Dunn had been given proper warnings; the interrogator told Dunn that "he would stand a better chance ... of not getting the death penalty, perhaps" if he confessed, and the officer agreed with defense counsel that this meant a statement could be used for or against him. *Dunn*, 721 S.W.2d at 340. At one point, Judge Teague's opinion said, "We find and hold from a totality of the circumstances that the appellant was induced to confess by the conduct of [the officer] and the admissions by him settle beyond question that the appellant's confession was not a voluntary one." *Id.* at 342. This was the law to be applied to the question of voluntariness which the case presented. But at another point the opinion said, "As a matter of law, [the officer's] improper warning caused the confession to become inadmissible evidence at appellant's trial." *Ibid.* This was a misstatement of fact and a misapplication of the law about statutory warnings, because there was no improper warning before the interrogation. We disavow any implication in the *Dunn* opinion that the *per se* rule of inadmissibility that results from a violation of the warning statute applies to an officer's remarks made during the subsequent interrogation.

We cannot agree with the court of appeals' statement that we "validated" this reasoning when we affirmed *Gipson*. The only grounds on which we granted discretionary review in *Gipson* concerned the harmfulness of the trial court's ruling admitting the confession. *Gipson*, 844 S.W.2d at 739. We did not review the admissibility of the confession.

The admissibility of the appellant's confession in this case cannot be resolved by applying the *per se* rule for violation of the warning statute. The issue is the voluntariness of the statement.

### Promises

■ The court of appeals also relied on the parties' agreement that the controlling test is stated in *Fisher v. State*, 379 S.W.2d 900, 902 (Tex.Cr.App.1964), which quoted 1 *Branch's Annotated Penal Code of Texas* 95 (2nd ed., 1956):

> To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a person in authority and it must also be of such character as would be likely to influence the defendant to speak untruthfully.

This is undoubtedly the rule to resolve a claim that a statement was involuntary simply because it was induced by an improper promise. But the appellant's claim in this case includes more circumstances than the making of a promise.

The totality of the circumstances should be considered, as we have said. Article 38.21 of the Code of Criminal Procedure requires that the statement have been "freely and voluntarily made without compulsion or persuasion." Even without the statute, the courts of this state have held that statements must not have been "obtained by the influence of hope or fear, applied by a third person to the prisoner's mind." *Cain v. State*, 18 Tex. 387, 390 (Tex.1857). The ultimate question is whether the suspect's will was overborne. *Armstrong v. State*, 718 S.W.2d 686, 693 (Tex.Cr.App.1985).

■ *Trickery* or deception does not make a statement involuntary unless the method was calculated to produce an untruthful confession or was offensive to due process. *Dotsey v. State*, 630 S.W.2d 343 (Tex.App.—Austin 1982).

To decide this case the court of appeals must examine the totality of the circumstances surrounding the acquisition of the statement to determine whether it was given voluntarily. *Armstrong v. State, supra*, 718 S.W.2d at 693.

If the decision turns on issues of fact that were disputed in the trial court, we remind the court of appeals that written findings of

fact are required by Code of Criminal Procedure Article 38.22, § 6, and that they may be obtained by a remand to the trial court. *Hester v. State*, 544 S.W.2d 129 (Tex.Cr.App. 1976).

The judgment of the court of appeals is vacated and the cause is remanded to that court for further proceedings consistent with this opinion.

MEYERS, Judge, concurring.

Like the majority, I cannot subscribe to an understanding of *Dunn v. State*, 721 S.W.2d 325 (Tex.Crim.App.1986) that requires *per se* inadmissibility of those confessions tendered after a statement-taking officer both gives a proper TEX.CODE CRIM. PROC. ANN. art. 38.22 § 2(a)(2) warning and later states that the confession can be used "for or against" the defendant. Once the defendant has been properly admonished that his statements may be used against him at trial he has been properly warned under art. 38.22 § 2(a)(2). And like the majority, I agree that the issue in this case does not even involve the statutory or constitutional adequacy of the pre-interrogation warnings, but instead involves whether appellant voluntarily confessed under the totality of the circumstances. In other words, appellant's claim cannot be resolved by merely applying the test, as set out in *Fisher v. State*, 379 S.W.2d 900 (Tex.Crim. App.1964), for determining when a promise renders a confession inadmissible. This is so because, as the majority asserts, there is more to appellant's claim than the making of a promise. But not much more. In fact, his claim, as set out in the majority's opinion, includes only *one* circumstance that does not appear to be an inducement by promise. Specifically, the investigator's alleged comment that appellant would be found guilty if he chose to go to trial is not a promise, but rather a statement spoken, perhaps, to create fear in appellant's mind. All of the other circumstances set out in appellant's claim appear to me to be in the nature of a promise. Because the majority's opinion might be misunderstood to suggest that there is much more to appellant's claim than that he was made promises so that he would confess, I can concur in the result only.

OVERSTREET, Judge, dissenting.

I dissent to the majority's holding that the per se rule of inadmissibility is for a misstatement of the statutory warning given before interrogation, but not for remarks made during interrogation. The rule of per se inadmissible confessions made subsequent to "for or against" statements of interrogators is of such great import that it warrants the broad application that it has heretofore enjoyed. When a defendant makes a confession following an interrogator's statement that the confession may be used "for or against" the defendant, the confession ought to be inadmissible per se, even when proper *Miranda* warnings preceded the interrogation. The majority's myopic and truncated analysis effectively undermines the integrity of the interrogation process and thereby compromises the policy objective of protecting the interrogee from improper influence and inducement.

Appellant was arrested in New Mexico pursuant to a warrant and given appropriate Article 38.22, V.A.C.C.P., warnings. Upon interrogation, which was audio-taped and transcribed, appellant made a written confession. An investigator with the district attorney's office conducted the interrogation. Appellant, on appeal, argued that the investigator's remarks, made during the course of the interrogation, caused appellant's confusion regarding his rights and confession and that the trial court erred in not suppressing the confession which was the result of such improper persuasion by the investigator.

Per the State's transcription of the audiotapes of the interrogation, these remarks preceded appellant's confession:

[INVESTIGATOR]: I'm the district attorney investigator for Jack and Wise County. Like I told you a minute ago. My main focus with the District Attorney's office for the last two and a half years has been with the child abuse cases. That's all I work, and nothing but child abuse.

\*     \*     \*

[INVESTIGATOR]: Wes, I'm here to try to make things easier for you. I drove all

this distance to try to make things work for you on your behalf.

\* \* \*

[INVESTIGATOR]: ... You do not have to take this case to court. You can plead guilty to the charges, you can give a statement to the district attorney's office, plead guilty to the charge, you can plea bargain the case out, so to speak. That means no trial, you basically, it's a talk between the appointed district attorney and attorneys, and they work out the details and they decide what they think is a good offer for you. Which may be probation, it may be sixty years, but no matter what it is, you'd have the final outcome on that say.... It doesn't mean just because you give a statement and tell about what happened, doesn't mean that you can't go to court, because you can still go to court. Because you can fight that sentencing. OK?

[APPELLANT]: But that's the offer that there is, is a ten year probation and that means I'm marked for ten years as a sex offender, is that right?

[INVESTIGATOR]: No matter what, yeah.

[APPELLANT]: It's never erased, it's always on my record for as long as I live and breathe.

[INVESTIGATOR]: That's correct.

\* \* \*

[INVESTIGATOR]: ... And I'm just here, I'm kind of the middle man here. I mean I work under the DA. I came down here to talk to you, to get your story and take it back to the DA.

\* \* \*

[INVESTIGATOR]: ... I'm just, like I said, I'm just the middle man. I go back and tell the DA what you told me and it goes from there.

\* \* \*

[INVESTIGATOR]: We, you have got to be a man about what took place, accountable for your actions, and what you did. You need to get it out on the table, talk about it, get it down in writing, let me go back to the district attorney and and [sic] say he cooperated with us, he told me what happened out there and how, how it took place.

Appellant argues that these remarks, among others, by the interrogating officer effectively offered an inducement to make a statement, with such inducement being comparable to a statement that his confession could be used "for or against" appellant. At a hearing on appellant's motion to suppress the confession, the trial court denied the motion. At trial the confession was admitted into evidence, over objection.

An interrogator's remarks, following warnings, to the defendant that a confession may be used "for or against" the defendant irreversibly obfuscates the requirements of 38.22 § 2(a)(1),(2), V.A.C.C.P., that the suspect be warned prior to interrogation that any statement made by the accused may be used against the accused at his trial and in court.[1] Even where proper 38.22 warnings precede such remarks by interrogators, "for or against" remarks modify the preceding warning. While warning a suspect that his statements may be used against him is appropriate, an interrogator's subsequent remark that the statement of the suspect may be used "for or against" the suspect is a muta-

---

1. Article 38.22 § 2, V.A.C.C.P., states:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

tion of the constitutional and statutory requisite warning.

This Court should not encourage interrogators to take artistic license with the statutorily and constitutionally required warnings. Initially relating those warnings accurately does not grant a license to subsequently modify and embellish them to induce a confession during the course of the interrogation. An interrogator's remarks that explicitly contradict a clause of the preceding Art. 38.22 warning is as inappropriate as an interrogator's failure to inform a suspect of the required Art. 38.22 § 2(a)(1),(2) warnings prior to making the confession.

To suggest, as the majority does, that an interrogator's remarks made subsequent to proper reading of warnings cannot render a subsequent confession inadmissable per se is a radical departure from common sense and is far afield of present caselaw. The United States Supreme Court has even said in, *Miranda v. Arizona*, 384 U.S. 436, 476, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694, 725 (1966),

> [A]ny evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege. The requirement of warnings and waiver of rights is a fundamental with respect to the Fifth Amendment privilege and not simply a preliminary ritual to existing methods of interrogation.

I do not subscribe to the notion that the rule of per se inadmissible confessions is limited by previous caselaw to confessions obtained subsequent to improper warnings. Even where proper warnings have been given, an interrogator's subsequent remarks, in some instances, may render resulting confessions inadmissible per se.

The basis of the per se rule of inadmissibility is that if the accused is advised that his confession may be used "for or against him" or "for and against him," such is an improper warning, and without more renders the confession inadmissible as a matter of law, because to warn the accused that his confession might be used *for* him holds out an inducement for making the confession. *Dunn v. State*, 721 S.W.2d 325, 341 (Tex.Cr.App.1986)(plurality opinion); *Ster-*

ling v. State, 800 S.W.2d 513, 518–19 (Tex.Cr. App.1990), *cert. denied*, 501 U.S. 1213, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991).

In both *Dunn* and *Sterling*, this court found no impropriety regarding the reading of *Miranda* warnings to the defendant prior to the interrogation. In both cases, during the interrogation, however, the interrogating officer effectively told the defendant that the defendant's confession may be used "for or against" the defendant. *See Dunn v. State*, 721 S.W.2d at 337, 340; and *Sterling*, 800 S.W.2d at 515, 518. In both cases, the interrogating officer's remarks that the confession could be used "for or against" the defendant was the premise on which this court concluded that the confession was inadmissable per se. *Dunn*, 721 S.W.2d at 341; *Sterling*, 800 S.W.2d at 519.

The instant case is similar to *Dunn* and *Sterling*. The interrogating officer appropriately and properly warned appellant. During the interrogation, however, the investigator effectively told appellant that a confession would be used for appellant's benefit, i.e. for him. After the interrogator stated that his role in the interrogation process was "kind of the middle man," he thereafter clearly sought to portray his request for a statement as a way in which he could assist appellant in his relations with the District Attorney. The clear implication of the interrogating investigator's remarks to appellant is that a written statement could be used "for" appellant. And as this Court pointed out in *Dunn*, 721 S.W.2d at 341, "For over one hundred years this Court has held that if the evidence is uncontroverted and uncontradicted that the person who takes or obtains a written confession from the accused tells the accused that his confession might be used 'for or against him[,]' or 'for and against him,' then this renders the confession inadmissible at trial because the warning does not comply with our State confession statute...."

And while the majority, *Creager v. State*, 952 S.W.2d 852, 854–55 (Tex.Cr.App.1997), cites *Gardner v. State*, 733 S.W.2d 195, 202–03 (Tex.Cr.App.1987), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 848, 102 L.Ed.2d 979 (1989),

for the proposition that "[t]he Fifth Amendment right is not violated when a suspect is warned that his statement 'could be used against him, or could be used for him[,]'" *Gardner* does not make such a holding. *Gardner* held that because the defendant failed to timely voice an objection, no error as to his Fifth Amendment claim was preserved. *Gardner v. State*, 733 S.W.2d at 202–03. In obiter dictum, *Gardner* stated that it had found no cases in which such a warning violates *Miranda* or infringes on a defendant's Fifth Amendment rights, and that this Court found no error. *Id.* at 203. However, such obiter dictum is a far cry from the definitive Fifth Amendment proposition that the majority cites *Gardner* for.

The majority also denigrates *Dunn* for simply being a plurality opinion. However, a majority of this Court in *Sterling, supra*, applied *Dunn* as "squarely on point[,]" because of improper "for or against" inducements, and held that such rendered the confession inadmissible because of violating Article 38.22. *Sterling v. State*, 800 S.W.2d at 518–19. In holding that that induced statement was inadmissible, a majority of this Court cited, discussed and applied *Dunn* for the principle of per se inadmissibility. Thus if a majority of this Court wishes to now overrule *Dunn*'s per se inadmissibility holding as a plurality opinion, it must also overrule *Sterling*'s majority equivalent holding.

The defendant's waiver of rights is compromised by the interrogator's remark that the defendant's confession may be used "for or against him."[2] In that situation, the defendant would not possess the requisite "knowledge" component in order to voluntarily waive his rights prior to confession.[3] Our tolerance of an interrogator's arbitrary mutation and convolution of the constitutional and statutory requirement that the defendant be warned prior to questioning that his statements "may be used against him" is literally a travesty of jurisprudence.

The majority in no way presents a reasoned argument for casting aside this Court's controlling precedential caselaw of "over one hundred years[,]" but instead concocts an artificial distinction between whether inducement was made during warnings prior to interrogation or during the interrogation itself. But a difference which makes no difference is no difference.

For the reasons stated herein, I voice my dissent.

BAIRD, J., joins.

---

**2.** When the State bears the burden of proof on a motion in which the defendant seeks to suppress a statement which he claims was obtained in violation of *Miranda*, the State need prove waiver only by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473, 485 (1986).

**3.** It must be shown that the accused, prior to and during the making of the statement (i.e.confession, admission, et.cetera) knowingly, intelligently, and voluntarily waived the rights set out in the warnings prescribed by 38.22 § 2(a), V.A.C.C.P. *See* Art. 38.22 § 2(b), V.A.C.C.P.