TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND








NO. 03-95-00696-CR







Ignacio Hernandez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0954710, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






PER CURIAM

On original submission, this Court affirmed appellant's conviction for capital murder. 
Hernandez v. State, 952 S.W.2d 59 (Tex. App.--Austin 1997). On appellant's petition for discretionary
review, the Court of Criminal Appeals vacated our judgment of affirmance and remanded the appeal for
reconsideration of the contention that appellant's oral and written confessions were involuntary. Hernandez
v. State, No. 1214-97 (Tex. Crim. App. Jan. 7, 1998).

In our original opinion, we reviewed the district court's denial of appellant's motion to
suppress his confessions for an abuse of discretion, in accord with the standard of review articulated in
Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996). The Court of Criminal Appeals later
overruled Dubose in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). In Guzman, the court
wrote that mixed questions of law and fact should be reviewed on appeal as follows:


[A]ppellate courts . . . should afford almost total deference to a trial court's determination
of the historical facts that the record supports especially when the trial court's fact findings
are based on an evaluation of credibility and demeanor. The appellate courts . . . should
afford the same amount of deference to trial courts' rulings on "application of law to fact
questions," also known as "mixed questions of law and fact," if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts
may review de novo "mixed questions of law and fact" not falling within this category.



Id. at 89 (citations omitted). The Court of Criminal Appeals instructed us to reconsider in light of Guzman
appellant's contention that his confessions were involuntary.

 A mixed question of law and fact "turns" on an evaluation of credibility and demeanor
when the testimony of one or more witnesses, if believed, is always enough to decide the substantive issue. 
Loserth v. State, No. 1003-96, slip op. at 5 (Tex. Crim. App. Feb. 25, 1998). Conversely, the question
does not "turn" on an evaluation of credibility and demeanor when the witnesses' testimony, even if
believed, does not compel a particular conclusion of law. Id. slip op. at 6. In this cause, the district court
found that the officer to whom appellant confessed did not use coercion, force, or threats. Because
appellant does not contend that his confessions were physically coerced, the court's fact findings are not
necessarily dispositive. We conclude that we should conduct a de novo review of appellant's contention
that his confessions were involuntary.

We discussed appellant's legal argument, the applicable authorities, and the relevant facts
at length in our original opinion. We will not repeat that discussion here. We have again reviewed the
totality of the facts and circumstances surrounding appellant's confessions. See Creager v. State, 952
S.W.2d 852, 856 (Tex. Crim. App. 1997). For the same reasons we concluded that the district court did
not abuse its discretion by refusing to suppress appellant's confessions, it is now our de novo conclusion
that appellant's confessions were not obtained by any direct or implied promises, or by the exertion of any
improper influence. See Bram v. United States, 168 U.S. 532, 542-43 (1897); Roberts v. State, 545
S.W.2d 157, 160-61 (Tex. Crim. App. 1977). 

Appellant filed a supplemental brief following the remand of his appeal. In this brief, he
contends: (1) "This Court's original analysis confused Fourteenth Amendment analysis of the voluntariness
issue with the Texas common law test for reviewing confessions induced by promises" and (2) "This
Court's original analysis was erroneous because it did not consider the evidence of the involuntariness of
appellant's confession in its totality but piecemeal." These contentions do not address the application of
Guzman to this appeal, but are more in the nature of a motion for rehearing. We believe that our original
opinion did not confuse the issues, but fairly stated and decided the contentions made by appellant in his
seventh and eighth points of error. As stated above, we have considered the totality of the circumstances
in our de novo review. The relevant facts and circumstances reflect that appellant's will was not overborne,
and that his confessions were freely and voluntarily made. See Schneckloth v. Bustamonte, 412 U.S.
218, 225-26 (1973); Armstrong v. State, 718 S.W.2d 686, 693 (Tex. Crim. App. 1985); Tex. Code
Crim. Proc. Ann. art. 38.21 (West 1979).

Points of error seven and eight, by which appellant challenges the voluntariness of his
confessions, are again overruled. Having previously overruled appellant's other points of error, we affirm
the judgment of conviction.


Before Justices Aboussie, Jones and B. A. Smith


Affirmed on Remand


Filed: March 26, 1998


Do Not Publish



rnandez
v. State, No. 1214-97 (Tex. Crim. App. Jan. 7, 1998).

In our original opinion, we reviewed the district court's denial of appellant's motion to
suppress his confessions for an abuse of discretion, in accord with the standard of review articulated in
Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996). The Court of Criminal Appeals later
overruled Dubose in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). In Guzman, the court
wrote that mixed questions of law and fact should be reviewed on appeal as follows:


[A]ppellate courts . . . should afford almost total deference to a trial court's determination
of the historical facts that the record supports especially when the trial court's fact findings
are based on an evaluation of credibility and demeanor. The appellate courts . . . should
afford the same amount of deference to trial courts' rulings on "application of law to fact
questions," also known as "mixed questions of law and fact," if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts
may review de novo "mixed questions of law and fact" not falling within this category.



Id. at 89 (citations omitted). The Court of Criminal Appeals instructed us to reconsider in light of Guzman
appellant's contention that his confessions were involuntary.

 A mixed question of law and fact "turns" on an evaluation of credibility and demeanor
when the testimony of one or more witnesses, if believed, is always enough to decide the substantive issue. 
Loserth v. State, No. 1003-96, slip op. at 5 (Tex. Crim. App. Feb. 25, 1998). Conversely, the question
does not "turn" on an evaluation of credibility and demeanor when the witnesses' testimony, even if
believed, does not compel a particular conclusion of law. Id. slip op. at 6. In this cause, the district court
found that the officer to whom appellant confessed did not use coercion, force, or threats. Because
appellant does not contend that his confessions were physically coerced, the court's fact findings are not
necessarily dispositive. We conclude that we should conduct a de novo review of appellant's contention
that his confessions were involuntary.

We discussed appellant's legal argument, the applicable authorities, and the relevant facts
at length in our original opinion. We will not repeat that discussion here. We have again reviewed the
totality of the facts and circumstances surrounding appellant's confessions. See Creager v. State, 952
S.W.2d 852, 856 (Tex. Crim. App. 1997). For the same reasons we concluded that the district court did
not abuse its discretion by refusing to suppress appellant's confessions, it is now our de novo conclusion
that appellant's confessions were not obtained by any direct or implied promises, or by the exertion of any