COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-252-CR

 

 

MICHAEL PAUL HARBST                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction

In six points, Appellant
Michael Paul Harbst appeals his conviction for the offense of capital
murder.  We affirm.

 

 








II.
Factual Background 

On the evening of September
20, 2002, Michael Harbst and Curtis Epperley attended a barbecue at a mobile
home park in Kennedale.  During the
barbecue, Harbst, who was very drunk, told two residents of the mobile home
park that he was going to beat up and rob Epperley.  Later, Harbst, Epperley, and two other men
left the party in order to buy more beer. 
The three men returned to the trailer park without Epperley.  Before re-joining the party at the trailer
park, the three men changed their clothes. 
Harbst later asked a friend to dispose of some bloody clothing that was
located in his trailer.  Over the next
few days, Harbst told four different individuals that he had beaten, shot, and
killed Epperley.  Epperley=s body was found about a mile from the trailer park on September 25,
2002.  Harbst was later arrested and
charged with capital murder. 

III.
Legal and Factual Sufficiency 

In his first four points,
Harbst argues that the trial court erred in accepting the jury=s verdict of guilty of capital murder because the evidence is legally
and factually insufficient to establish that the deceased died from injuries
inflicted by him.  He also asserts that
the evidence is legally and factually insufficient to establish that the murder
occurred in the course of a robbery.

 








A. Standards of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S. at 319,
99 S. Ct. at 2789.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any
inconsistencies in the evidence in favor of the verdict.  Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).








In contrast, when reviewing
the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: (1) the evidence supporting the
verdict or judgment, considered by itself, is too weak to support the finding
of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting
and contradicting the verdict or judgment, weighing all of the evidence, the
contrary evidence is so strong that guilt cannot be proven beyond a reasonable
doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  


In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  








A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

B. Evidence Legally and Factually Sufficient

Harbst argues that other than
the testimony of his conversations with the witnesses, there is no evidence
that Harbst robbed Epperley or caused 
Epperley=s
death.  The State asserts that Harbst=s statements to the witnesses, in which he admitted that he shot and
robbed Epperley, are corroborated by physical evidence. 








An extrajudicial confession
alone is not sufficient to support a conviction; there must be independent
evidence of the corpus delicti.[2]  Emery v. State, 881 S.W.2d 702, 705
(Tex. Crim. App. 1994), cert. denied, 513 U.S. 1192 (1995).  In the capital murder context, an
extrajudicial confession must be corroborated as to the murder and the
underlying felony which elevated the murder to a capital offense.  Gribble, 808 S.W.2d at 70.  In other words, the corpus delicti of both
murder and the underlying felony must be shown by evidence independent of the
confession.  Emery, 881 S.W.2d at
705.  The independent evidence need not
connect the defendant to the crime, it need only show that a crime was committed.  Gribble, 808 S.W.2d at 71.  In addition, such evidence need not be
sufficient by itself to prove the offense; it need only be Asome evidence which renders the corpus delicti more probable
than it would be without the evidence.@  Id. at 71-72.  

Here, the State presented
four witnesses who testified that Harbst told them that he shot Epperley.  Two witnesses testified that during the
barbecue, Harbst told them that he intended to rob Epperley because he needed
money for his trailer.  Harbst also told
another witness that after he killed Epperley, he took sixty dollars from
Epperley=s pockets and split it with his co-defendants. Harbst himself was
reported to have said AI can=t believe that happened all over $20.@ 








Besides the testimony of
those witnesses, the State offered independent evidence of the corpus delicti
of the murder and the robbery.  The
State  showed the identity of the body
and that death was caused by a gunshot to the chest.  See Dunn v. State, 721 S.W.2d 325, 334
(Tex. Crim. App. 1986) (corpus delicti of murder shown in proving the identity
of deceased and that death resulted from criminal act) abrogated on other
grounds by Creager v. State, 952 S.W.2d 852 (Tex. Crim. App. 1997).  The State further offered evidence that the
gun used in the crime was the same type of gun purchased by a co-defendant from
another resident of the trailer park, and that shell casings found at the scene
of the murder were the same as casings known to be fired from that gun.  Additionally, a criminal investigator for the
Kennedale Police Department established that Epperley had been paid on the day
of the murder, that there was no money found on Epperley=s body, and that Epperley=s pockets were turned inside-out. 

We hold that this amounts to
some evidence that establishes it is more probable than it would be without the
evidence that Epperley died from injuries inflicted by Harbst during the course
of a robbery.  See id.








Therefore, after viewing the
evidence in the light most favorable to the verdict, we hold that a rationale
trier of fact could have found beyond a reasonable doubt that Epperley died
from injuries inflicted by Harbst when Harbst robbed him.  See Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789.  Furthermore, viewing all the
evidence in a neutral light, favoring neither party, we also conclude that the
evidence  taken alone, is not too weak to
support the finding of guilt beyond a reasonable doubt and that the contrary
evidence is not so strong that guilt cannot be proven beyond a reasonable
doubt.  See Zuniga, 144 S.W.3d at
481.  After reviewing the entire record,
we conclude that the evidence is legally and factually sufficient to establish
that Epperley died from injuries inflicted by Harbst when Harbst robbed
him.  We overrule Harbst=s first four points.

IV.
Jury Instructions and Verdict Form

In his fifth and sixth
points, Harbst asserts that the trial court erred in submitting an application
paragraph on aggravated assault without providing a verdict form for aggravated
assault and by providing a verdict form for aggravated robbery without
submitting an abstract charge on aggravated robbery.  The court=s charge to the jury provides application paragraphs instructing the
jury on capital murder, the lesser included offense of murder, and the lesser
included offense of aggravated assault causing serious bodily injury.  The verdict form provides a place for the
jury to find the defendant guilty of the offenses of capital murder, murder,
felony murder, and aggravated robbery. 
The form also provides a space for a deadly weapon finding and a not
guilty verdict.  Harbst argues that the
clerical error which prevented the jury from rendering a verdict of guilty to
aggravated assault or aggravated robbery has caused him serious, egregious
harm. 








A trial court is required to
submit a jury charge on a lesser included offense only if both prongs of a two
prong test are satisfied.  See Moore
v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  First, the lesser included offense must be
included within the offense charged.  See
id.  Secondly, some evidence in the
record must establish that if the defendant is guilty, he is guilty only of the
lesser offense.  See id.  

Harbst meets the first prong
of the test because aggravated assault and aggravated robbery are each lesser
included offenses of capital murder.  Taylor
v. State, 7 S.W.3d 732, 738 (Tex. App.CHouston [14th Dist.] 1999, no pet.). 
However, Harbst cannot satisfy the second prong of the test because no
evidence in the record supports a finding that if he was guilty, he was guilty
only of a lesser included offense.  Here,
there is evidence that Harbst and two other individuals were present when
Epperley died from a gunshot wound.  The
evidence at trial also established that Harbst told friends that he had shot
and robbed Epperley.  On the basis of
this testimony, Harbst would not be guilty of anything less than capital
murder.  We hold that Harbst was not
entitled to an instruction on the lesser included charges of aggravated assault
and aggravated robbery.  Thus, any
inconsistencies between the charge and the verdict forms are mere surplusage. 

 

 

 

 








V. Conclusion

Having overruled Harbst=s six points, we affirm the trial court=s judgment.

 

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 27, 2005

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]The Texas Court of Criminal Appeals
described corpus delicti as meaning Aharm brought about by the criminal conduct of some person.@ 
Gribble v. State, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990) (plurality opinion), cert.
denied, 501 U.S. 1232 (1991).