NO. 07-05-0019-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 18, 2006

______________________________

RUDY DELEON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. TWO OF LUBBOCK COUNTY;

NO. 2004-491093; HONORABLE DRUE FARMER, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Pending before this Court is appellant’s motion to dismiss his appeal.  Appellant and his attorney both have signed the document stating that appellant withdraws his appeal.  Tex. R. App. P. 42.2(a).  No decision of this Court having been delivered to date, we grant the motion.  Accordingly, the appeal is dismissed.  No motion for rehearing will be entertained and our mandate will issue forthwith.

Mackey K. Hancock

        Justice

Do not publish.
åÉ. 1998) for a discussion of when a question “turns” on credibility and demeanor of witnesses.  ,sæâo+:iÉà+00à3|xåÅæâÅUö

ÕÆåèÉåÃÉÉd

NO. 07-01-0178-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 29, 2002

______________________________

EDMOND ABEL DEGRAFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B13708-0004; HONORABLE ED SELF, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

ON MOTION FOR REHEARING

Appellant’s Motion for Rehearing is denied.  We withdraw our opinion dated April 2, 2002 and issue this opinion in its place.  

Edmond Abel DeGraff appeals his conviction for aggravated sexual assault.  He urges that two confessions he made resulted from assertions by law enforcement authorities that confessing would allow authorities to “help” him, and that his confessions were, therefore, 
per se
 inadmissible.  We affirm.  

BACKGROUND

On February 18, 2000, Josie and Lucas Roberts left their 14-month-old daughter, C.R., at the home of Josie’s mother, Edith DeGraff, for the weekend.  Appellant was present at the house that weekend.  After Lucas picked up the child on February 20th, Josie noticed redness in C.R.’s vaginal and anal areas. The child was taken to a hospital where she was examined by a nurse.  The nurse documented injuries to C.R.
’s vaginal and anal areas which were of recent origin
 and which were consistent with a sexual assault.  

The police investigation focused on members of the DeGraff family who were present at the house on that weekend.  On the morning of March 10, 2000, after appellant had allegedly failed a polygraph examination, he was interviewed in the Hale County courthouse by Deputy Sheriff John Phillips, retired Texas Ranger and Hale County District Attorney’s office investigator Jim Mull, and Department of Public Safety Sergeant Gus Trevino.  During the course of the interview, as reflected by a transcript of the tape recording, appellant indicated that he would like to talk to Phillips alone.  After Mull and Trevino left the room, Phillips read to appellant the warnings prescribed by 
Tex. Crim. Proc. Code Ann
. art. 38.22 § 2(a) (Vernon 1979).
(footnote: 1)  Appellant then made statements to the effect that he had 
penetrated C.R.
’s vagina with his penis.  Approximately one hour after the first interview concluded, Phillips again interviewed appellant.  The interview was recorded.  The transcript of the second interview showed that Phillips again read appellant the warnings prescribed by CCP art. 38.22 § 2(a).  Appellant once more confessed to the sexual assault of C.R.  

Appellant moved to suppress the recorded statements.  A hearing was held at which, according to the clerk’s record, Phillips, Mull and Trevino testified.  The motion was overruled and the trial court entered findings of fact and conclusions of law.  The court’s findings and conclusions included: (1) appellant was properly warned as provided in CCP art. 38.22; (2) appellant knowingly, intelligently and voluntarily waived his rights and agreed to talk to Phillips; (3) neither Phillips, Mull, Trevino nor any other representative of the State directly or indirectly promised appellant anything that would induce him to give false statements; (4) appellant’s statements were made voluntarily.  Transcriptions of the interviews, redacted to delete references to the polygraph examination, were admitted into evidence at trial over appellant’s objection.  

The transcript of the first interview reflects that Phillips read appellant the warnings set out in CCP art. 38.22 § 2(a), 
and appellant acknowledged understanding his rights and waived them.  During the interview, Phillips made several statements suggesting that authorities might be able to “help” appellant if he confessed to the offense, but that until he confessed and told the truth, he could not be helped.  One such statement was made before the prescribed warnings were read to appellant.  Similar statements were made following the prescribed warnings and appellant’s waiver of his rights.  During the interview appellant stated that he had penetrated C.R.
’s vagina with his penis, and that he wanted “some help.”  

Appellant and Phillips were the only persons present during the second interview, which took place in the same room as the first interview.  The transcript of the second interview demonstrates that Phillips read the warnings set out in CCP art. 38.22 § 2(a) at the beginning of the interview.  Appellant stated that he understood his rights and waived them.  In the second interview, appellant also made statements to the effect that he sexually assaulted the child.
  The transcript of the second interview reflects no statements by Phillips referencing possible “help” for appellant.  As the interview was terminating, Phillips asked if appellant had anything to add.  Appellant stated that he was sorry and he would like some help.          

Appellant asserts that statements made to him by the interviewing officers, to the effect that confessing would allow
 
the officers and the district attorney to “help” him, render his statements 
per se
 inadmissible.  Thus, he claims, the trial court abused its discretion in denying his motion to suppress and in admitting the statements at trial.  He relies on 
Sterling v. State
, 800 S.W.2d 513 (Tex.Crim.App. 1990), and a line of cases represented by 
Dunn v. State
, 721 S.W.2d 325 (Tex.Crim.App. 1986), and 
McVeigh v. State
, 62 S.W. 757 (Tex.Crim.App. 1901), for the proposition that if law enforcement officers offer improper inducements to a suspect in order to obtain a confession or statement, then the confession or statement is 
per se
 inadmissible.  According to appellant, “offering improper inducements” includes officers telling the suspect that any statements made by him could be used for or against him, implying that a confession might cause the district attorney to drop the prosecution or go easier on the suspect, or that a confession might result in “help” for the suspect.  

Appellant posits that such improper inducements by the officers are apparent on the face of the transcription of his first statement, making the first statement 
per se
 inadmissible.  He urges that the second statement, although not reflecting improper inducements on its face, is in actuality the product of a continuation of the first interview and his first statement which was improperly induced.  Appellant points to the short time lapse between the statements, the fact that Phillips took both statements and his closing comment in the second statement that he was sorry and that “I’d like some help” to prove the connection between the first statement and the second.  He concludes that because the first statement was 
per se
 inadmissible, the second statement was, likewise.  He asserts that admission of the statements harmed him because no other evidence linked him to the offense. 

STANDARD OF REVIEW

The standard of review of a trial court’s ruling when the ruling is necessarily based on the facts of the individual matter depends on the type of issue presented to the reviewing court.  Three types of issues are generally considered to be presented to reviewing courts in these situations: (1) issues questioning a trial court’s determinations of historical facts which have support in the record, when the trial court’s determination is based on an evaluation of credibility and demeanor; (2) issues questioning a trial court’s application of law to fact questions, also known as mixed questions of law and fact, if the ultimate resolution of those questions turns on an evaluation of credibility and demeanor;
(footnote: 2) and (3) issues questioning a trial court’s determinations of mixed questions of law and fact not falling within the second category.  
See
 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).  This level of appellate deference is referred to as a review for abuse of discretion. 
Id
.  Mixed questions of law and fact not falling within the foregoing categories may be reviewed 
de novo
 by the appellate court.  
Id
.  

Generally, a trial court’s ruling on a motion to suppress is reviewed by an abuse of discretion standard.  
See
 
Oles v. State
, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999)
.  
At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their testimony.  
See
 
State v. Ross
, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).
  Likewise, 
a trial court’s decision to admit or exclude evidence at trial is reviewed under an abuse of discretion standard.  
See
 
Green v. State
, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); 
Montgomery v. State
, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on reh’g).  
A trial court abuses its discretion if its decision was arbitrary or unreasonable, 
Brown v. State
, 960 S.W.2d 772, 778 (Tex.App.--Dallas 1997, pet. ref’d), or, if, given the record and the applicable law, the decision fell outside the zone of reasonable disagreement.  
See
 
Guzman 
 955 S.W.2d at 89;
 
Green
, 934 S.W.2d at 102;
 
Benitez v. State
, 5 S.W.3d 915, 918 (Tex.App.--Amarillo 1999, pet. ref’d.). 

In the matter before us, the parties urge that the applicable standard of review is abuse of discretion.  Based on the record before us, we agree with the parties.  

LAW

In order for a statement by a suspect made as the result of custodial interrogation to be admissible, the suspect must have been warned in accordance with CCP art. 38.22, and the statement must have been voluntary.  
 
See
 CCP arts. 38.21, 38.22; 
Creager v. State
, 952 S.W.2d 852, 854-55 (Tex.Crim.App. 1997)
.  A suspect’s statement is 
per se
 inadmissible only if the statutory warnings specified by CCP art. 38.22 were misstated when they were given before interrogation. 
See
 CCP art. 38.22 §§ 2, 3;  
Creager
, 952 S.W.2d at 855-56.
(footnote: 3)  If the statutory warnings were properly given, then other remarks or comments by officers do not render the accused’s statements 
per se
 inadmissible.  
Id
.  Such other remarks or statements by officers must be weighed in determining whether the accused’s subsequent statements were voluntary, 
see
 CCP art. 38.21, but would not necessarily render the accused’s statements inadmissible.  
See
 
Creager
, 952 S.W.2d at 855-56.  The voluntariness of the accused’s statements under such circumstances is to be determined from the totality of the circumstances under which the accused’s statement was made.  
Id
. at 855.
(footnote: 4)  For example, warning a suspect before interrogation that a statement could be used “for or against” the suspect is an impropriety that, of itself, can render the statement inadmissible, but does not mandate that the statement is inadmissible unless such language is part of improperly giving the warnings required by CCP art. 38.22.  
Id
. at 854.    

ANALYSIS

Appellant’s reliance on 
Sterling
 is misplaced in light of 
Creager
.  In 
Sterling
, the Court of Criminal Appeals cited 
Dunn
 as being “squarely on point with” the facts of 
Sterling
.  
Sterling
, 800 S.W.2d at 518.  In both 
Dunn
 and 
Sterling
, the officers involved in taking statements told the accuseds that their statements could be used “for or against” them.  The 
Dunn
 opinion stated that uncontroverted evidence of such a  comment by the officers rendered a subsequent confession 
per se
 inadmissible because the warning did not comply with CCP art. 38.22.  
See
 
Dunn
, 721 S.W.2d at 341.  

Creager
 did not address 
Sterling
.  
Creager
 addressed 
Dunn
, however.  In doing so, 
Creager
 concluded that 
Dunn
 misapplied the law about statutory warnings.  The Court of Criminal Appeals in 
Creager
  “. . . disavow[ed] any implication in the 
Dunn
 opinion that the 
per se
 rule of inadmissibility that results from a violation of the warning statute applies to an officer’s remarks made during the subsequent interrogation.”  
Creager
, 952 S.W.2d at 856.  

Thus, the 
per se
 rule of inadmissibility applies only to statements by an accused following a misstatement of the statutory warning required by CCP art. 38.22.  
See
 
id
. at 855-56.  The rule does not apply to comments made by law enforcement personnel if the statutory warning has been properly given.  
Id
.   

Appellant does not contend that the warning he was given and which is reflected in the transcription of his first recorded statement was not a proper warning as prescribed by CCP art. 38.22.  To the contrary, he admits that the warnings complied with statutory mandate.  Therefore, the 
per se
 rule of inadmissibility does not apply to appellant’s first statement. 

Appellant’s challenge to the admissibility of his second statement is based on the asserted 
per se
 inadmissible status of his first statement.  Because his first statement was not 
per se
 inadmissible, his challenge to admissibility of his second statement necessarily fails.  

The trial court did not abuse its discretion in admitting either statement over an objection that the statements were 
per se
 inadmissible.  Appellant’s sole issue is overruled. 

CONCLUSION

Having overruled appellant’s sole issue, we affirm the judgment of the trial court.

   

Phil Johnson

    Justice

Publish. 

FOOTNOTES
1:
2:
3:
4: