NO. 07-06-0006-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 28, 2006


______________________________



CHARLES LOWELL JONES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;


 

NO. 51,714-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Charles Lowell Jones (appellant) appeals his conviction of possessing a controlled
substance (cocaine) within a drug free zone and with intent to deliver. His sole issue
pertains to the trial court's decision to admit into evidence a default judgment rendered in
a related civil forfeiture proceeding. The judgment was purportedly inadmissible because
it injected into the record evidence of an extraneous offense and its probative value was
substantially outweighed by its undue prejudice. We overrule the issue for the complaints
asserted before us do not comport with that asserted below. 



 The default judgment arose from the State's effort to forfeit $2,025 found on a table
in appellant's living room. The monies were discovered via a consensual search
performed by the investigating officers. When effort was made to tender the judgment into
evidence at appellant's ensuing criminal trial, he objected. He said it was inadmissible
because it was a default judgment rendered at a time when he could not proffer a defense
due to his incarceration. Nothing was said about the item manifesting an extraneous
offense (Texas Rule of Evidence 404) or about its probative value being substantially
outweighed by its undue prejudice (Texas Rule of Evidence 403). Yet, the latter two
grounds form the basis of appellant's complaint on appeal. Because they do not comport
with the objection he uttered at trial, they were not preserved for review. Sorto v. State,
173 S.W.3d 469, 476 (Tex. Crim. App. 2005) (stating that when the grounds urged at trial
do not comport with those urged on appeal, the latter have not been preserved for review). 
 

 Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice


Do not publish.



ly: Arial"> (1) Appellant then made statements to the
effect that he had penetrated C.R.'s vagina with his penis. Approximately one hour after
the first interview concluded, Phillips again interviewed appellant. The interview was
recorded. The transcript of the second interview showed that Phillips again read appellant
the warnings prescribed by CCP art. 38.22 § 2(a). Appellant once more confessed to the
sexual assault of C.R. 

 Appellant moved to suppress the recorded statements. A hearing was held at
which, according to the clerk's record, Phillips, Mull and Trevino testified. The motion was
overruled and the trial court entered findings of fact and conclusions of law. The court's
findings and conclusions included: (1) appellant was properly warned as provided in CCP
art. 38.22; (2) appellant knowingly, intelligently and voluntarily waived his rights and
agreed to talk to Phillips; (3) neither Phillips, Mull, Trevino nor any other representative of
the State directly or indirectly promised appellant anything that would induce him to give
false statements; (4) appellant's statements were made voluntarily. Transcriptions of the
interviews, redacted to delete references to the polygraph examination, were admitted into
evidence at trial over appellant's objection. 

 The transcript of the first interview reflects that Phillips read appellant the warnings
set out in CCP art. 38.22 § 2(a), and appellant acknowledged understanding his rights and
waived them. During the interview, Phillips made several statements suggesting that
authorities might be able to "help" appellant if he confessed to the offense, but that until
he confessed and told the truth, he could not be helped. One such statement was made
before the prescribed warnings were read to appellant. Similar statements were made
following the prescribed warnings and appellant's waiver of his rights. During the interview
appellant stated that he had penetrated C.R.'s vagina with his penis, and that he wanted
"some help." 

 Appellant and Phillips were the only persons present during the second interview,
which took place in the same room as the first interview. The transcript of the second
interview demonstrates that Phillips read the warnings set out in CCP art. 38.22 § 2(a) at
the beginning of the interview. Appellant stated that he understood his rights and waived
them. In the second interview, appellant also made statements to the effect that he
sexually assaulted the child. The transcript of the second interview reflects no statements
by Phillips referencing possible "help" for appellant. As the interview was terminating,
Phillips asked if appellant had anything to add. Appellant stated that he was sorry and he
would like some help. 

 Appellant asserts that statements made to him by the interviewing officers, to the
effect that confessing would allow the officers and the district attorney to "help" him, render
his statements per se inadmissible. Thus, he claims, the trial court abused its discretion
in denying his motion to suppress and in admitting the statements at trial. He relies on
Sterling v. State, 800 S.W.2d 513 (Tex.Crim.App. 1990), and a line of cases represented
by Dunn v. State, 721 S.W.2d 325 (Tex.Crim.App. 1986), and McVeigh v. State, 62 S.W.
757 (Tex.Crim.App. 1901), for the proposition that if law enforcement officers offer
improper inducements to a suspect in order to obtain a confession or statement, then the
confession or statement is per se inadmissible. According to appellant, "offering improper
inducements" includes officers telling the suspect that any statements made by him could
be used for or against him, implying that a confession might cause the district attorney to
drop the prosecution or go easier on the suspect, or that a confession might result in "help"
for the suspect. 

 Appellant posits that such improper inducements by the officers are apparent on the
face of the transcription of his first statement, making the first statement per se
inadmissible. He urges that the second statement, although not reflecting improper
inducements on its face, is in actuality the product of a continuation of the first interview
and his first statement which was improperly induced. Appellant points to the short time
lapse between the statements, the fact that Phillips took both statements and his closing
comment in the second statement that he was sorry and that "I'd like some help" to prove
the connection between the first statement and the second. He concludes that because
the first statement was per se inadmissible, the second statement was, likewise. He
asserts that admission of the statements harmed him because no other evidence linked
him to the offense. STANDARD OF REVIEW

 The standard of review of a trial court's ruling when the ruling is necessarily based
on the facts of the individual matter depends on the type of issue presented to the
reviewing court. Three types of issues are generally considered to be presented to
reviewing courts in these situations: (1) issues questioning a trial court's determinations
of historical facts which have support in the record, when the trial court's determination is
based on an evaluation of credibility and demeanor; (2) issues questioning a trial court's
application of law to fact questions, also known as mixed questions of law and fact, if the
ultimate resolution of those questions turns on an evaluation of credibility and demeanor; (2)
and (3) issues questioning a trial court's determinations of mixed questions of law and fact
not falling within the second category. See Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997). This level of appellate deference is referred to as a review for
abuse of discretion. Id. Mixed questions of law and fact not falling within the foregoing
categories may be reviewed de novo by the appellate court. Id. 

 Generally, a trial court's ruling on a motion to suppress is reviewed by an abuse of
discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). At
a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the
credibility of the witnesses, as well as the weight to be given their testimony. See State
v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Likewise, a trial court's decision to
admit or exclude evidence at trial is reviewed under an abuse of discretion standard. See
Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); Montgomery v. State, 810
S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A trial court abuses its discretion
if its decision was arbitrary or unreasonable, Brown v. State, 960 S.W.2d 772, 778
(Tex.App.--Dallas 1997, pet. ref'd), or, if, given the record and the applicable law, the
decision fell outside the zone of reasonable disagreement. See Guzman 955 S.W.2d at
89; Green, 934 S.W.2d at 102; Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.--Amarillo
1999, pet. ref'd.). 

 In the matter before us, the parties urge that the applicable standard of review is
abuse of discretion. Based on the record before us, we agree with the parties. 


LAW

 In order for a statement by a suspect made as the result of custodial interrogation
to be admissible, the suspect must have been warned in accordance with CCP art. 38.22,
and the statement must have been voluntary. See CCP arts. 38.21, 38.22; Creager v.
State, 952 S.W.2d 852, 854-55 (Tex.Crim.App. 1997). A suspect's statement is per se
inadmissible only if the statutory warnings specified by CCP art. 38.22 were misstated
when they were given before interrogation. See CCP art. 38.22 §§ 2, 3; Creager, 952
S.W.2d at 855-56. (3) If the statutory warnings were properly given, then other remarks or
comments by officers do not render the accused's statements per se inadmissible. Id. 
Such other remarks or statements by officers must be weighed in determining whether the
accused's subsequent statements were voluntary, see CCP art. 38.21, but would not
necessarily render the accused's statements inadmissible. See Creager, 952 S.W.2d at
855-56. The voluntariness of the accused's statements under such circumstances is to
be determined from the totality of the circumstances under which the accused's statement
was made. Id. at 855. (4) For example, warning a suspect before interrogation that a
statement could be used "for or against" the suspect is an impropriety that, of itself, can
render the statement inadmissible, but does not mandate that the statement is inadmissible
unless such language is part of improperly giving the warnings required by CCP art. 38.22. 
Id. at 854. 

ANALYSIS

 Appellant's reliance on Sterling is misplaced in light of Creager. In Sterling, the
Court of Criminal Appeals cited Dunn as being "squarely on point with" the facts of
Sterling. Sterling, 800 S.W.2d at 518. In both Dunn and Sterling, the officers involved in
taking statements told the accuseds that their statements could be used "for or against"
them. The Dunn opinion stated that uncontroverted evidence of such a comment by the
officers rendered a subsequent confession per se inadmissible because the warning did
not comply with CCP art. 38.22. See Dunn, 721 S.W.2d at 341. 

 Creager did not address Sterling. Creager addressed Dunn, however. In doing so,
Creager concluded that Dunn misapplied the law about statutory warnings. The Court of
Criminal Appeals in Creager ". . . disavow[ed] any implication in the Dunn opinion that the
per se rule of inadmissibility that results from a violation of the warning statute applies to
an officer's remarks made during the subsequent interrogation." Creager, 952 S.W.2d at
856. 

 Thus, the per se rule of inadmissibility applies only to statements by an accused
following a misstatement of the statutory warning required by CCP art. 38.22. See id. at
855-56. The rule does not apply to comments made by law enforcement personnel if the
statutory warning has been properly given. Id. 

 Appellant does not contend that the warning he was given and which is reflected
in the transcription of his first recorded statement was not a proper warning as prescribed
by CCP art. 38.22. To the contrary, he admits that the warnings complied with statutory
mandate. Therefore, the per se rule of inadmissibility does not apply to appellant's first
statement. 

 Appellant's challenge to the admissibility of his second statement is based on the
asserted per se inadmissible status of his first statement. Because his first statement was
not per se inadmissible, his challenge to admissibility of his second statement necessarily
fails. 

 The trial court did not abuse its discretion in admitting either statement over an
objection that the statements were per se inadmissible. Appellant's sole issue is
overruled. 

CONCLUSION


 Having overruled appellant's sole issue, we affirm the judgment of the trial court.

 

 Phil Johnson

 Justice



Publish. 
1. Further reference to the Code of Criminal Procedure will be by referencing "CCP_."
2. See Loserth v. State, 963 S.W.2d 770, 772-73 (Tex.Crim.App. 1998) for a
discussion of when a question "turns" on credibility and demeanor of witnesses. 
3. The Fifth Amendment to the United States Constitution does not have such strict
requirements as does CCP art. 38.22. Appellant's issue urges and we address only the
contention that his statements are inadmissible under the per se rule established in
connection with CCP art 38.22 and its predecessors. See Creager, 952 S.W.2d at 855.
4. Appellant does not challenge the trial court's findings and conclusions that his
statements were voluntarily made; he asserts only that the statements were per se
inadmissible.