COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




ALFONSO MARTINEZ,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00212-CR

Appeal from the

409th Judicial District Court

of El Paso County, Texas 

(TC# 20020D00520) 





O P I N I O N

            Alfonso Martinez was indicted for five counts of aggravated sexual assault of a child. A
jury found him not guilty on Count I, but guilty on Counts II, III, IV, and V, and assessed
punishment at 12 years’ imprisonment for each count. Appellant raises two issues on appeal as
to the denial of his pretrial motion to suppress his statement: (1) whether the voluntariness of
Appellant’s statement was destroyed because the method of interrogation was offensive to due
process; and (2) whether the appeal should be abated to allow the trial court to make findings
under Article 38.22, § 6 of the Texas Code of Criminal Procedure. We affirm.
            At trial, sixteen-year-old C.M. testified that Appellant sexually assaulted her several
times during a month-long period when she was eleven years old. The sexual assaults ended
when C.M. went to live with her mother. C.M. told her mother of Appellant’s actions and her
mother contacted the police. C.M. subsequently told the social worker at the Child Advocacy
Center about the sexual assaults.
            Appellant’s written statement was introduced at trial. In the statement, Appellant claimed
that C.M. often asked questions about sex and what it would feel like to have a penis in her
mouth. According to his statement, C.M. asked him if she could hold his penis after watching
pornographic movies. The statement also admitted to several incidents of sexual contact, but
Appellant denied having sex with C.M. or any penetration.
            At trial, Appellant denied ever touching C.M. or that any of the alleged incidents in
C.M.’s testimony ever occurred. Appellant also claimed that the police put into the written
statement the admissions of sexual contact and that he asked for counsel three times while at the
police station, but his requests were denied.
            In his first issue, Appellant contends that the trial court abused its discretion in denying
the motion to suppress his statement to the police. Specifically, Appellant asserts that the State
deliberately concealed evidence of the involuntariness of the confession by failing to videotape or
tape record the taking of his statement or even to have Appellant write a statement in his own
handwriting. Appellant also argues that the methods used by the State to obtain the statement,
including denial of Appellant’s requests for counsel, offended due process and thus, the State
concealed the circumstances of the interrogation in order to have the alleged confession admitted.
            We review the trial court’s ruling on a motion to suppress for an abuse of discretion. 
Guzman v. State, 955 S.W.2d 85, 88-9 (Tex.Crim.App. 1997). Under this standard, we give
almost total deference to the trial court’s determination of historical facts supported by the
record, especially when the findings are based on an evaluation of credibility and demeanor. Id.
at 89. We review de novo mixed questions of law and fact that do not turn on an evaluation of
credibility and demeanor. Guzman, 955 S.W.2d at 89; Balentine v. State, 71 S.W.3d 763, 768
(Tex.Crim.App. 2002). The trial court’s ruling will be upheld if it is reasonably supported by the
record and is correct on any theory of law applicable to the case. State v. Ross, 32 S.W.3d 853,
855-56 (Tex.Crim.App. 2000).
            The voluntariness of a confession is determined by considering the totality of the
circumstances under which the statement was obtained. Creager v. State, 952 S.W.2d 852, 855
(Tex.Crim.App. 1997); Penry v. State, 903 S.W.2d 715, 744 (Tex.Crim.App. 1995). The
ultimate question in determining voluntariness of the statement is whether the defendant’s will
was overborne. See Creager, 952 S.W.2d at 856, citing Armstrong v. State, 718 S.W.2d 686,
693 (Tex.Crim.App. 1985).
            At the suppression hearing, Detective Miguel Vega testified that on January 18, 2002, he
began investigating allegations of an aggravated sexual assault of a child and developed
Appellant as a suspect in the case. That same day, Detective Vega and Detective Mario Chaides
went to Appellant’s residence, but he was not home. At the time, the detectives had a warrant for
his arrest. The detectives spoke with Appellant’s wife and told her to have Appellant contact
them. Appellant called Detective Chaides and was asked to come to the police station. 
Appellant drove to the station with his wife. The detectives met Appellant in the front lobby and
asked Appellant to step inside the controlled access area where he was subsequently advised that
he was being arrested for aggravated sexual assault of a child, was handcuffed, and then escorted
to Detective Vega’s office. Upon his arrest, Appellant became “real nervous” and the detectives
told him to calm down and to try to relax.
            Detective Vega handcuffed Appellant to a seat near the desk in his office. Detective
Vega was in plainclothes and was wearing a gun, however, it was not visible because it was
concealed under his jacket. Detective Vega explained to Appellant in detail about the charges
against him. The detective then advised Appellant of his rights by reading the Miranda warning
card to Appellant. Appellant still appeared nervous. Detective Vega then gave Appellant the
opportunity to read the Miranda warning card himself. Appellant indicated that he understood
the rights after Detective Vega read them to him and again after he had read them himself. 
Appellant placed his initials next to each of the rights and then signed the warning card. 
According to Detective Vega, Appellant freely and voluntarily waived his rights after those rights
had been explained to him. Detective Vega then proceeded to take Appellant’s statement. 
            Detective Vega typed the statement as Appellant spoke. During the process, the
statement was visible on the computer screen and Appellant was able to view the screen as the
detective typed his words. It took approximately one hour to complete the statement. After the
statement was prepared, Appellant was given a copy to read. After reading the statement,
Appellant indicated that he understood it. Detective Vega asked Appellant if there was anything
that need to be changed, but Appellant made no changes, deletions, or alterations to the
statement. Appellant placed his initials at the beginning and at the end of each paragraph. 
Appellant’s signature on the statement was witnessed by Detective Chaides and Detective
Rhonda Russ-Cook. Detective Chaides testified that Appellant voluntarily signed the statement.
            On cross-examination, Detective Vega testified that Appellant was completely
cooperative when he made contact with the police by telephone. Appellant was nervous when
placed under arrest, but he did not almost fall down nor did his legs or knees almost buckle. 
According to Detective Vega, Appellant never asked for an attorney during the taking of the
statement and Detective Vega never told him that he did not need an attorney. Detective Vega
also testified that he did not rush Appellant through the statement nor did he tell Appellant that
his wife could post bond faster if he gave the statement more quickly. Detective Vega
maintained that Appellant voluntarily signed the statement and was not forced to sign it. Further,
Detective Vega stated that Appellant was not under the influence of drugs or alcohol, he was not
promised anything, and was not threatened or coerced into giving the statement. Appellant was
given the opportunity to use the restroom and was provided a beverage. Detective Vega
conceded that he did not videotape or tape record the taking of the statement even though he had
access to recording equipment at the station.
            Article 38.22, sec. 2 of the Texas Code of Criminal Procedure governs the admissibility
of an accused’s written statement. See Tex.Code Crim.Proc.Ann. art. 38.22, § 2 (Vernon
2005). Pursuant to Section 2, the written statement is inadmissible unless the accused received
from the person to whom the statement is made and voluntarily waived the following rights: (1)
he has the right to remain silent and not make any statement at all and that any statement he
makes may be used against him at his trial; (2) any statement he makes may be used as evidence
against him in court; (3) he has the right to have a lawyer present to advise him prior to and
during any questioning; (4) if he is unable to employ a lawyer, he has the right to have a lawyer
appointed to advise him prior to and during any questioning; and (5) he has the right to terminate
the interview at any time. See Tex.Code Crim.Proc.Ann. art. 38.22, § 2.
            Appellant concedes that the State is not required by statute to produce a video or
recording of the manner in which a written statement was obtained, but asserts that the totality of
the circumstances in this particular case indicate that the State did not obtain a voluntary
confession from Appellant. Appellant claims the trial court was improperly induced into
admitting a coerced confession based on the deliberate actions of the State, or lack thereof, which
deprived the trial court of an objective basis, i.e., video or other recording, for judging the
admissibility of the alleged confession.
            Appellant did not testify at the suppression hearing. Only at trial did Appellant testify
that his requests for counsel during the interview had been denied. There was no testimony at the
suppression hearing that Appellant was coerced in any way into giving his written statement. 
Rather, the evidence showed that Appellant was not threatened or coerced into giving the
statement and never asked for an attorney and was never told he did not need one. Appellant has
failed to show that a due process violation occurred in the manner in which the confession was
obtained. Because the record shows Appellant voluntarily gave his written statement, the trial
court did not err in denying his motion to suppress. Issue One is overruled.
            In his second issue, Appellant argues the trial court erred in failing to make independent
findings as to the voluntariness of his statement in violation of Tex.Code Crim.Proc.Ann.
art. 38.22, § 6. On July 11, 2006, we abated Appellant’s appeal and remanded the cause for the
trial court to enter such findings of fact and conclusions of law. The trial court filed written
findings of fact and conclusions of law regarding the voluntariness of Appellant’s confession
with this Court on August 31, 2006. Therefore, Appellant’s second issue is moot.
            We affirm the trial court’s judgment.

March 1, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)