COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| LEE ERNEST FRERICHS, | | No. 08-07-00168-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 143rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Ward County, Texas |
| | § | |
| Appellee. | | (TC# 06-10-04796-CRW) |
| | § | |

**O P I N I O N**

Lee Frerichs appeals his arson conviction. He plead guilty to the crime and was sentenced by a jury to 60 years' imprisonment. We affirm.

In August 2006, Appellant was living with his girlfriend Ms. Summer Williams and their young son in a mobile home in Monahans, Texas. In the middle of the month, the couple got in an argument and Appellant moved out of the home. On August 22, Ms. Williams was feeding her son in the early hours of the morning when she heard strange crackling and popping sounds coming from under the house and smelled smoke. Ms. Williams grabbed her son and ran to the other side of the house where her mother was sleeping. The two women got out of the house and saw flames coming from under the house. Ms. Williams' mother, a former fire-fighter, put the fire out before any major damage was done to the house. She suffered minor injuries.

On September 20, 2006, Texas Ranger Brian Burzynski responded to the Ward County Sheriff's Office's request for assistance with the arson investigation. Ranger Burzynski and Ward County Sheriff's Deputy Mario Nunez located Appellant at his mother's house in Kermit, Texas. The two officer's interviewed Appellant in his mother's kitchen for about an hour before

Appellant accompanied the officers to the Winkler County Sheriff's Office where Ranger Burzynski took Appellant's statement. At the sheriff's office, Ranger Burzynski created a computer-generated statement based on the interview and Appellant's admission that he set fire to Ms. Williams' house.

In the statement, Appellant confessed to setting fire to Ms. Williams' house. Appellant admitted he was angry at Ms. Williams and wanted to scare her. He used his pocket lighter to set the insulation on the bottom of the mobile home on fire. He held the lighter to the insulation, "until I knew it was lit," and then left through a back alley and drove away in his car. At the end of the interview, Appellant reviewed and signed his statement. The officers took him back to his mother's house. He was arrested five days later.

Appellant was indicted for arson on October 5, 2006. On June 19, 2007, after Appellant entered a plea of guilty to the charged offense, the jury sentenced him to sixty years' imprisonment. The trial court entered judgment in accordance with the jury's verdict.

Appellant raises two issues on appeal. In Issue One, he argues the appeal must be abated to allow the trial court to enter findings of fact and conclusions of law as to the voluntariness of his statement. In Issue Two, he contends that the trial court erred by admitting his four-page confession into evidence because it was not given voluntarily.

In his first issue, Appellant argues that the appeal should be abated until findings of fact and conclusions of law on the voluntariness of his statement as required under the Code of Criminal Procedure are filed. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 2005). On October 30, 2008, we abated the appeal and directed the trial court to enter the required findings of fact and conclusions of law. The trial court filed written findings of fact and

conclusions of law regarding the voluntariness of Appellant's confession with this Court on December 11, 2008. Therefore, Appellant's first issue is moot.

In Issue Two, Appellant challenges the trial court's ruling that his written confession was voluntarily given, and thereafter, admitting the statement into evidence during punishment. We review the trial court's ruling regarding the suppression of evidence for an abuse of discretion. *Guzman v. State*, 955 S.W.2d 85, 88-9 (Tex.Crim.App. 1997). Under this standard, the reviewing court gives almost total deference to the trial court's determination of historical facts supported by the record, especially when the findings are based on an evaluation of witness credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review *de novo* mixed questions of law and fact that do not turn on witness evaluation. *Id.*; *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). The trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory if law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

The voluntariness of a confession is determined by considering the totality of the circumstances under which the statement was given. *Creager v. State*, 952 S.W.2d 852, 855 (Tex.Crim.App. 1997), *citing Haynes v. Washington*, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). The ultimate question is whether the defendant's will was overborne. *Creager*, 952 S.W.2d at 856, *citing Armstrong v. State*, 718 S.W.2d 686, 693 (Tex.Crim.App. 1985). In answering this question, the court looks at the length of detention, incommunicado or prolonged interrogation, denying access to a family member, refusing the defendant's request to telephone a lawyer or family member, and physical brutality. *Pace v. State*, 986 S.W.2d 740, 747 (Tex.App.--El Paso 1999, pet. ref'd).

However, whether Appellant's statement was voluntary only becomes an issue if the information was given as the result of a custodial interrogation. *Morris v. State*, 897 S.W.2d 528, 531 (Tex.App.--El Paso 1995, no pet.). If Appellant's statement did not stem from a custodial interrogation, suppression is not required. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5. Thus, our first inquiry is whether Appellant was in custody at the time he gave his statement.

A person is "in custody" if, under the circumstances, a reasonable person would believe his freedom of movement was restrained to the degree associated with formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex.Crim.App. 1996). The reasonable person standard presupposes an *innocent* person. *Id*. Station house custody does not, in and of itself, constitute custody. *Id*. at 255. When a person is transported to a law enforcement facility by an officer in the course of an investigation on the invitation, request, or even the urging of an officer, and the accompaniment is voluntary and consensual, the individual is not in custody as long as there were no threats of force involved. *See Anderson v. State*, 932 S.W.2d 502, 505 (Tex.Crim.App. 1996); *Bradley v. State*, 960 S.W.2d 791, 801 (Tex.App.--El Paso 1997, pet. ref'd).

Appellant asserts that he was in custody because his freedom of movement was restrained at the time the statement was taken in that he was confined to the Winkler County Jail in a locked room, and was not permitted to leave the premises. The trial court's findings of fact and conclusions of law indicate otherwise. According to the court's findings, Appellant agreed to the investigating officer's request that he make a "voluntary statement." The officer used a statement form titled "Witness Affidavit" and began the interview inside Appellant's mother's residence. During the interview, Appellant agree to accompany the officers to the Winkler County Jail

where his statement was completed. Appellant was not placed in handcuff at any time during the interview. Appellant agreed to be interviewed by the officer without an attorney present. While at the jail, the officer told Appellant that he was not under arrest and that he was free to end the interview and leave at any time. The record indicates that Appellant himself admitted during the interview that he understood he was not under arrest. There is nothing in the record to indicate Appellant was threatened or physically abused during the interview. He was taken back to his mother's home by the officers when the interview was finished.

We cannot interfere with the trial court's resolution of fact issues. *See Guzman*, 955 S.W.2d at 89. Based on the trial court's findings, and our own review of the suppression hearing, we conclude that Appellant's statement was given during a non-custodial interview. Accordingly, we need not address Appellant's argument that the statement was not voluntarily given. *See Morris*, 897 S.W.2d at 531. The trial court did not err in admitting Appellant's written statement into evidence during punishment. Issue Two is overruled.

Having disposed of both Appellant's issues, we affirm the trial court's judgment.


March 5, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. Not Participating

(Do Not Publish)