**MODIFY and AFFIRM; and Opinion Filed July 22, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00612-CR**

**GERONIMO DELGADO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F11-61529-H**

# MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

A jury found appellant Geronimo Delgado guilty of aggravated assault of a child under the age of fourteen and assessed his punishment at sixty years' confinement. In a single appellate issue, Delgado contends the trial court erroneously admitted his involuntary confession at trial. In addition, the State asks us to modify errors in the judgment. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We modify the trial court's judgment; as modified, we affirm.

## Background

Delgado's wife took their older daughter, M.D., to the hospital when M.D. suffered an anxiety attack. At the hospital, the girl revealed to a physician and a nurse that Delgado had sexually abused her. Hospital personnel reported her statement to Child Protective Services

("CPS"); CPS personnel then reported to the police. Some months later, Detective Lisette Rivera, who had been assigned to the case after the hospital incident, picked M.D. up from school and took her to the Children's Advocacy Center for a forensic interview. During that interview, M.D. revealed that her father had abused her from the time she was approximately four years old until she was twelve.[1] That same day, a representative of CPS picked up M.D.'s younger sister from school. Officials contacted Delgado and his wife and told Delgado to come to the police station.

Rivera interviewed Delgado when he arrived at the station. The entire interview was video recorded.[2] At the outset, Rivera introduced herself and asked Delgado if he had ever been to the station before. Then the following exchange took place:

Q:     For what reason did they tell you that you had to come here?

A:     Well, no just for the girls, that they went to pick them up from school.

Q:     Ok.

A:     And she called me really scared my wife that they could not find them and well to ask what to see what happened with them.

Q:     Ok. All right Geronimo, like I am telling you I work here ahh, your daughters are fine.

A:     My wife was with him waiting, she was crying when she called me on the phone.

Q:     No, I understand, I understand. Ok. It must have happened because of a concern.

A:     Yeah. They robb--- . . . Yeah, you know how some rob them.

Q:     Yeah.

A:     Well some they are kidnapped or something.

---

[1] M.D. was seventeen at the time of trial.

[2] Rivera conducted the interview in Spanish because that is Delgado's first language. (Rivera testified she is fluent in Spanish.) At trial, both the original video recording of the interview and a certified English translation of the interview were admitted into evidence.

Q:      I understand, hey, your daughters are fine.  Ahh, no, nothing has happened to them.  Ok?

A:      Mm hmm.

Rivera then told Delgado he was under arrest for the aggravated sexual assault of his daughter M.D., and she gave him all required warnings.  During the course of the interview, Delgado admitted touching M.D.'s sexual organ with his hand and performing oral sex on her.

Delgado moved to suppress the statement and video recording.  He argued, as he does in this Court, that his confession was involuntary.  He testified that his confession was not true and that he confessed because Rivera told him that doing so was the only way for his children to be returned from CPS custody to his wife.  However, Rivera testified that she made no representation to Delgado concerning returning his daughters to his wife; she stated she made no promises to him in return for his statement.

Delgado testified that he had reviewed both the video of his statement and the English transcript; he acknowledged that Rivera's purported statement concerning the return of the children was not found within the interview.  Delgado had no explanation for the conflict between his testimony and the record of the interview.  Before ruling on the motion to suppress, the trial court asked Delgado's counsel if he was aware of any conversation between Rivera and his client that was not recorded.  Counsel replied that he had no evidence, other than Delgado's testimony, of any other conversation.  The trial court then overruled the motion to suppress.  The transcript and video recording of the interview were admitted at trial.

**Involuntary Confession**

The oral statement of an accused, made during a custodial interrogation, is inadmissible against him unless he knowingly, intelligently, and voluntarily waives the rights embodied in his statutory warnings.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(2) (West 2005).  In his sole issue, Delgado contends his confession was not voluntary because he believed he had to

–3–

admit guilt—indeed that he was coerced to confess falsely—to "ensure the safety of [his] children." We determine whether a statement was voluntary by examining the totality of the circumstances under which the statement was obtained. *Creager v. State*, 952 S.W.2d 852, 855 (Tex. Crim. App. 1997). "The ultimate question is whether the suspect's will was overborne." *Id.* at 856.

It is undisputed that Delgado was given and said he understood his *Miranda* warnings and that the trial court complied with article 38.22. The record indicates Delgado was assured of the safety of his daughters at the outset of the interview. Although Delgado claims to have been under coercive pressure caused by concern for his daughters, he never mentioned their safety or whereabouts again after the initial reassurance quoted above. The recording contains no promise by Rivera concerning any benefit to Delgado if he confessed. Nor does the recording contain any statement by Rivera concerning the children remaining with CPS or being returned home to their mother. Thus, the issue of the voluntariness of the confession became a question of credibility: was Delgado telling the truth when he testified Rivera promised the children would be returned to their mother only if he confessed, or was Rivera telling the truth when she testified she made no such promise? The trial court resolved the credibility issue in favor of Rivera. When reviewing a trial court's ruling on a motion to suppress evidence, we do not engage in our own factual review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). The trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony in that circumstance. *Id.* Given that the trial court's resolution of the facts is supported by the record in this case, we defer to that resolution. *See id.*[3]

---

[3] The State contends Delgado did not preserve a federal-law basis for his claim the confession was involuntary. We need not decide the preservation issue because we are persuaded our analysis and conclusion would be the same in this case whether governed by federal or state law. *Compare St. George*, 237 S.W.3d at 725 and *Dewberry v. State*, 4 S.W.3d 735, 747–48 (Tex. Crim. App. 1999) (analyzing voluntariness of confession under federal due process standard, declaring trial court is sole fact finder at hearing, and concluding appellate court was not at liberty to disturb any trial court finding supported by the record).

We conclude, given the totality of the circumstances, that Delgado's confession was not involuntary. Thus, the trial court did not err in admitting the confession, and we overrule Delgado's single issue.

## Modification of Judgment

The State brings a cross-point, asking us to modify the judgment to reflect that (a) Delgado must comply with sex offender registration requirements, and (b) M.D. was twelve years old at the time of the offense. We have the power to correct a judgment when we have the information necessary to make it "speak the truth." *See Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd).

The judgment recites, "Sex Offender Registration requirements do not apply to the Defendant." Delgado was convicted of aggravated assault of a child under the age of fourteen years. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). This offense is among those defined as a "reportable conviction or adjudication" for purposes of the sex offender registration program. TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2012). And as a person who has a reportable conviction or adjudication, Delgado is subject to the registration requirements of that program. *See id.* art. 62.051. Further, at the conclusion of trial, Delgado signed a document entitled "Court's Admonition to Sex Offenders." Therefore, we modify the trial court's judgment to indicate that Delgado is subject to sex offender registration requirements.

The judgment also recites, "The age of the victim at the time of the offense was N/A." Because M.D.'s age was an element of the offense, we also modify the trial court's judgment to indicate that her age at the time of the offense was twelve years old.

As modified, we affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120612F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

GERONIMO DELGADO, Appellant

No. 05-12-00612-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F11-61529-H.
Opinion delivered by Justice Lewis.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Sex Offender Registration Requirements do apply to Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was twelve years old.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of July, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE