**Affirmed and Memorandum Opinion filed May 12, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00720-CR

---

### FELIX SANCHEZ-SUAREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1402229**

---

## M E M O R A N D U M   O P I N I O N

After the denial of his motion to suppress, appellant Felix Sanchez-Suarez pleaded guilty to possession of a controlled substance pursuant to a plea-bargain agreement, but reserved his right to appeal the denial of his motion to suppress. In accordance with the plea bargain, the trial court deferred adjudicating guilt and placed appellant under community supervision for four years. In his sole issue, appellant claims the trial court erred in denying his motion to suppress. We affirm.

## THE EVIDENCE

Officer Duran was providing security at a café and wine bar when a busboy informed him that he had observed a man using cocaine in the bathroom. Duran was in full uniform. The busboy pointed out the man, identified by Duran as appellant. Duran approached appellant and asked if he would go outside with him and talk. According to Duran, appellant said, "yes," stood up, and voluntarily followed Duran outside. Duran denied touching appellant or drawing his weapon. Duran described his tone of voice as being the same as that he was using to give his testimony.

Once outside, Duran told appellant that he had received a complaint that appellant was in possession of cocaine. Duran asked appellant if he had anything on him that he should not. Appellant said, "No, that he only had cigarettes." Duran asked, "is it okay if I search you? Search your person?" Appellant replied, "Sure, but all I have is cigarettes." Duran proceeded to search appellant and from his right-side pocket recovered a see-through plastic baggie containing a white powdery substance which Duran knew was cocaine. According to Duran, he never showed any sign of authority or force towards appellant. Duran testified that he was standing in front of appellant, approximately two to three feet away, and there was "plenty of room" for appellant to walk around him. No one else was present until Duran called his partner over. Duran said appellant was "very calm."

Appellant testified that he was approached by Duran, in full uniform, and knew he was a police officer. Duran said he needed to talk to appellant outside. Duran "grabbed" appellant by the shoulder and escorted him out. Appellant said Duran was "very adamant." Appellant did not try to stop Duran or say no because he was scared and did not want to argue with a cop. Appellant testified they walked into a back parking lot while Duran kept his hand on appellant's shoulder.

Appellant testified that he did not believe he had the right to refuse. Duran told appellant to stand next a structure holding a large plant. Because Duran was in front of him, appellant could only go forward and could not walk away without bumping into Duran. Appellant said Duran was very close and it was uncomfortable. Duran asked appellant, "Do you have anything on you?" Appellant said he had cigarettes. Duran asked appellant, "Well then, you don't mind if I search you, right?" Appellant replied, "Yes, I mind if you search me." Before appellant could finish saying that he did not consent to a search, Duran put his hand in appellant's pocket. Appellant was very nervous. Duran brought out a pack of cigarettes and "found the bag with — with the cocaine." Duran did not tell appellant that he did not have to answer his questions or let him conduct the search.

On cross-examination, appellant testified that he was not put in handcuffs or told that he was being detained when Duran took him outside. Appellant stated that he did not refuse to go outside. According to appellant, Duran was very aggressive in his tone and demeanor. Appellant agreed that he was calm.

Camilo Boada, a friend of appellant's, was with him at the bar that night and observed the interaction between appellant and Duran, "from far away." Boada testified Duran put his hand on appellant's shoulder and pulled, or led, him outside. Appellant was calm. When Boada left the bar, he saw appellant on the ground in handcuffs.

The trial court ruled the search was legal and denied the motion to suppress. The trial court articulated the following reason:

> I find that the search was a legal search; that this was a consensual encounter between Officer Duran and the defendant; that there was no detention; and that this defendant consented to come outside to talk to

the officer and then consented to a search. I did find the officer to be credible in his testimony.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We will sustain the trial court's decision if the decision is correct on any theory of law applicable to the case. *Id.* We afford almost complete deference to the trial court's determination of historical facts, "especially if those are based on an assessment of credibility and demeanor." *Id.* "The same deference is afforded the trial court with respect to its rulings on application of the law to questions of fact and to mixed questions of law and fact, if resolution of those questions depends on an evaluation of credibility and demeanor." *Id.* Mixed questions that do not fall within that category are reviewed de novo. *Id.*

The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). The trial court observes first-hand the demeanor and appearance of a witness, as opposed to an appellate court, which can only read an impersonal record. *Id.* Accordingly, the trial court may believe or disbelieve all or any part of a witness's testimony, regardless of whether that testimony is controverted. *Id.*

## ANALYSIS

In his sole issue, appellant contends the trial court abused its discretion in denying his motion to suppress because the warrantless search was unreasonable. Appellant claims because the confrontation with Duran was a detention, reasonable suspicion was required.

4

An "encounter" is not a seizure and is distinct from an investigatory detention. *Munera v. State*, 965 S.W.2d 523, 527 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). A seizure occurs when a person has been subjected to either the application of physical force or the person submits to the assertion of authority. *Id. "*During an encounter, an officer is free to approach the individual and ask questions, but the individual is free to ignore the officer and walk away." *Id.* The confrontation remains an encounter unless a reasonable person would not feel free to leave and has yielded to the officer's show of authority or been physically forced to yield. *Id.* In deciding whether a seizure has occurred, we examine the totality of the circumstances surrounding the encounter. *Id.*

The trial court heard conflicting testimony as to whether Duran grabbed appellant's shoulder or was aggressive. Appellant testified that he did not feel free to walk away but Duran testified that appellant could have. The trial court determined Duran's testimony was credible. Evidence was presented from which the trial court could have found Duran did not make a show of authority or apply physical force. Further, the trial court could have found a reasonable person would have felt free to leave. Accordingly, we will not disturb the trial court's finding there was no detention.[1]

Appellant also argues that his consent, if any, was not voluntarily given. Consent to search is one of the well-established exceptions to the constitutional requirement of a warrant. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); and *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim.

---

[1] It is therefore unnecessary to address appellant's arguments regarding reasonable suspicion.

5

App. 2000)). *See also McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) (explaining that exceptions to the warrant requirement include "voluntary consent to search, search under exigent circumstances, and search incident to arrest").

If the voluntariness of the consent is challenged at trial, the State must prove the voluntariness of a consent to search by clear and convincing evidence. *Montanez v. State,* 195 S.W.3d 101, 105 (Tex. Crim. App. 2006); *Carmouche*, 10 S.W.3d at 331. The trial court's finding of voluntariness will be upheld unless it is clearly erroneous. *Fienen,* 390 S.W.3d at 335.

For consent to be valid, it must "'not be coerced, by explicit or implicit means, by implied threat or covert force.'" *Carmouche*, 10 S.W.3d at 331 (Tex. Crim. App. 2000) (quoting *Schneckloth*, 412 U.S. at 228). "[N]o one statement or action should automatically amount to coercion such that consent is involuntary." *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012). "The ultimate question is whether the suspect's will was overborne" by the officer's actions. *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). The trial court examines the voluntariness of a consent based on the "totality of the circumstances from the point of view of an objectively reasonable person, including words, actions, or circumstantial evidence." *Tucker v. State*, 369 S.W.3d 179, 185 (Tex. Crim. App. 2012); *see Creager*, 952 S.W.2d at 856. As applicable to the facts of this case, we consider the following factors in evaluating whether consent was voluntary: whether the accused was advised of his constitutional rights, whether the questioning was repetitive or prolonged, whether the accused was aware that he could decline to answer the questions, and what kind of psychological impact the questioning had on the accused. *Tucker,* 369 S.W.3d at 185.

There was no testimony that appellant was advised of his constitutional rights. However, as described by both Duran and appellant, the questioning was not repetitive or prolonged. Appellant did not decline to answer but testified that he did not believe he could refuse. There was conflicting testimony whether Duran made any show of authority that would have led to appellant's belief or would have overborne appellant's will. Appellant claimed to be nervous and scared but Duran testified, and appellant agreed, that appellant was calm.

The trial court expressly found Duran's testimony was credible and, as the sole judge of the witnesses' credibility, was free to believe Duran's testimony that appellant consented and to disbelieve appellant's contradictory statement that he did not. *See Ross*, 32 S.W.3d at 855. Likewise, the trial court was free to believe Duran did not grab appellant or act aggressively. *Id.* Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding that clear and convincing evidence demonstrated appellant's voluntary consent to the search.

Because the record supports the trial court's ruling, we conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. Appellant's issue is overruled and the judgment of the trial court is affirmed.


/s/    Martha Hill Jamison
       Justice


Panel consists of Justices Jamison, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

7